Susana Ramirez **MOORE**, Administratrix of the Estate of Lindy Adams Moore, Dec'd., Libellant,

v.

The O/S **FRAM**, her Engines, Tackle, etc., in rem, and against her Owner Wilhelm Seafoods, Inc., in personam, Respondents.

No. 384.

United States District Court
S. D. Texas,
Brownsville Division.

April 24, 1963.

Sharpe & Hardy, Benj. S. Hardy, Brownsville, Tex., for libellant.

Cox & Wilson, Tom Clendenin, Jr., Brownsville, Tex., for respondents.

GARZA, District Judge.

This is a suit by Susana Ramirez Moore, Administratrix of the Estate of Lindy Adams Moore, Deceased, brought in her capacity as such for herself and the surviving minor children and mother of her common-law husband, Lindy Adams Moore, against the O/S FRAM in rem, and against Wilhelm Seafoods, Inc., as its owner, in personam, under the provisions of the Jones Act, 46 U.S. C.A. § 688 et seq., and 46 U.S.C.A. § 761 et seq., known as the Death on the High Seas Act.

Lindy Adams Moore, who was serving as master of the shrimp trawler O/S FRAM, met his death on or about February 7, 1962, at sea, twelve miles off the coast of Mexico, in the Gulf of Mexico. He had been employed by Wilhelm Seafoods, Inc., to be the master of the O/S FRAM.

It seems that the toilet facilities on board the O/S FRAM were not in working order; but apparently even when they are, shrimpers, instead of using the ordinary toilet facilities on board, prefer not to use such toilet facilities but usually take care of their needs in this respect by sitting on the rail of the shrimp trawlers.

Lindy Adams Moore, while sitting on the railing, apparently slipped and went overboard. The remaining two crew members immediately stopped the boat and located Moore with their searchlight and threw some lazy lines to him that never reached him. By the time one of the crew members could get to Moore to bring him in to the boat, he had already drowned.

The O/S FRAM had some life jackets on board, but they were stored in the forepeak of the boat, instead of where they were usually kept in the stateroom of the boat, because the FRAM had been painted and the lifesaving equipment had been removed from where it could have been accessible. The FRAM also carried a life ring, but had no line attached to it.

■ I find from the evidence before me that the ship was an unseaworthy ship because it did not have proper life-saving equipment on board, and more particularly the life ring on board without any rope attached was of no use under the circumstances.

I also find that the life jackets were not readily available.

■ I find that the ship was not only unseaworthy because of the above facts, but that the owners of the FRAM were negligent in not providing adequate life-saving equipment.

■ The Court does not find that there was any unseaworthiness of the O/S FRAM because of the lack of a workable toilet, because I find that shrimpers, even though they have toilet facilities on board, do not use them.

The Respondents argue that Lindy Adams Moore, as captain of the O/S FRAM, was himself negligent because he had been drinking, contrary to orders of the owners, on board the FRAM prior to the accident; that it was also his duty to see that there was proper lifesaving equipment on board and that the same be readily available; and that he should have known it was dangerous for him to sit on the railing; and that all of these acts of negligence were a proximate cause of his demise.

■ From the evidence before me, I find that Lindy Adams Moore was not intoxicated at the time of his death.

I further find that the Respondents have failed to prove any contributory negligence on the part of Lindy Adams Moore.

Lindy Adams Moore, at the time of his death, was 28 years of age. He was survived by Susana Ramirez Moore, his common-law wife; Sandra Jean Moore, a daughter born September 9, 1958; and Lindy James Moore, born March 10, 1962, after his death; that he had two children by a previous marriage, Timothy Moore, minor son, born July 18, 1954, and Michael Lee Moore, born May 21, 1953; and was also survived by his mother, Gertrude Moore, who was 54 years of age at the time of his death.

■ I, therefore, conclude that this Court has jurisdiction of the subject-matter and of the parties to this action; that the total sum, including pain and suffering and loss of contributions to those entitled under the law to receive them, is the sum of $12,500.00; that this sum is to be divided as follows:

To his mother, Gertrude Moore, the sum of $500.00. The children by his prior marriage, Timothy Moore and Michael Lee Moore, are to receive $1,000.-00 each. The minors, Sandra Jean Moore and Lindy James Moore, are to receive $3,000.00 each; and the balance of $4,-000.00 of the award is to be received by Susana Ramirez Moore.

■ I further find that the funeral expenses of Lindy Adams Moore amounted to $1,035.95 which are to be reimbursed to Susana Ramirez Moore who became legally obligated to pay them, and that this sum be paid her aside from, and in addition to, the $12,500.00 damages heretofore found.

The money assigned to the minors will remain in the registry of this Court until the further orders of the Court.

■ I also find that the attorneys for the Libellants have a contract for attorney's fees of one-third of the recovery, and this amount is approved and is to be paid to said attorneys from the recovery of each person hereto.

Proctors for Libellants will prepare and submit to the Court a decree to be entered in accordance with these findings.