**CITIES SERVICE OIL COMPANY, Appellant,**

v.

**Mrs. Angela Richard LAUNEY, Appellee.**

**No. 24781.**

United States Court of Appeals
Fifth Circuit.

Nov. 5, 1968.

G. Allen Kimball, Jones, Kimball, Harper, Tete & Wetherill, Lake Charles, La., for appellant.

Robert G. Hebert, New Orleans, La., Charles M. Thompson, Jr., Roger C. Sellers, Abbeville, La., for appellee.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

WILLIAM A. McRAE, Jr., District Judge:

Angela Richard Launey brought suit under the Jones Act, 46 U.S.C. § 688, against Cities Service Oil Company for the wrongful death of her husband Malcolm Launey, who became ill while serving as a member of the crew of Defendant's tanker SS Cities Service Baltimore, and died several days after the end of the voyage.

Plaintiff did not allege that decedent's heart attack was caused by Defendant, but rather the failure of Defendant to provide prompt and adequate medical attention for a man who was obviously ill and unable to care for himself while aboard the ship.

Plaintiff claimed (1) $6200 for decedent's personal loss and suffering before his death; (2) $1200 for funeral expenses; (3) $103,000 for the economic value of decedent's life. The jury found for Plaintiff in the following amounts: (1) $6200 for decedent's pain and suffering; (2) $50,400 for Plaintiff's pecuniary loss; (3) $1222 for doctor and hospital bills; and (4) $1200.99 for decedent's funeral expenses.

The jury further found contributory negligence against decedent in the amount of 30% and the sum total of the above enumerated amounts was reduced by that percentage. The total award to Plaintiff was accordingly $41,315.50.

Defendant has raised on appeal six specifications of error: that the trial court erred (1) in failing to grant a motion for a new trial on the ground that the verdict was contrary to the weight of the evidence; (2) in failing to grant a new trial because of the excessiveness of the award; (3) in refusing to give certain jury instructions; (4) in failing to admonish counsel for Plaintiff for certain misstatements of fact during closing arguments; (5) in admitting in evidence proof of decedent's funeral expenses; (6) in accepting the jury's verdict in damages for the sum of (a) $6200 for decedent's pain and suffering, and (b) $1222 for doctor and hospital bills, and

entering judgment thereon, whereas Plaintiff had only prayed for $6200 to cover both of these items.

The primary thrust of the appeal is that the trial court erred in refusing to grant a new trial on the ground that the verdict was contrary to the *weight* of the evidence.

The Court considers it unnecessary to make a lengthy recitation of the facts relevant to this argument, because the Defendant's contention is that the trial court erred in the *standard* it applied in determining whether or not to grant the motion for new trial rather than in its evaluation of the evidence. In brief, Defendant based its defense on the contention that if decedent had made a full and fair disclosure concerning his earlier history of heart disorders, and of various physical signs occurring during the voyage, proper precautionary measures could and would have been taken. On the other hand, Plaintiff takes the position that much of the earlier medical history of decedent is irrelevant, and that the worsening of decedent's condition during the voyage was repeatedly called to the attention of responsible persons aboard the ship, and yet no steps were taken to make sure that proper medical attention was given to decedent.

■■ In Hampton v. Magnolia Towing Co., 338 F.2d 303 (5th Cir. 1964), which was also a Jones Act case, this Court gave careful consideration to the standards properly to be applied in granting motions for a new trial and motions for judgment n. o. v. In *Hampton,* the lower court refused to grant defendant's motion for a new trial, but granted defendant's motion for judgment n. o. v. This Court reversed the granting of the motion for judgment n. o. v., with instructions that the lower court could grant the motion for a new trial if it "continues to think the verdict to be against the overwhelming weight of the evidence." This Court pointed out that a trial court, in considering a motion for new trial, is no longer bound by the strictures of the rule of substantial evi-

dence. If the trial court finds that the jury verdict is contrary to the clear weight of the evidence, it may, in its discretion, grant a new trial. On the other hand, a motion for a directed verdict, or a judgment n. o. v., are proper only when there is "a complete absence of any evidence to warrant submission to the jury."

*Hampton* was called to the attention of the trial judge, and it is plain that he had that case clearly in mind when he denied Defendant's motion for a new trial. It is the contention of Defendant, however, that the following comments of the trial judge are in conflict with *Hampton:*

> I agree with Mr. Kimball [attorney for the defendant] that the weight of the evidence would be, in my judgment to decide the case for the defendants; I believe I would have done it, but I certainly don't think the overwhelming weight is that way. I think it was a pure jury question.

> \*　　\*　　\*　　\*　　\*　　\*

> I understand fully that I have discretion to grant a new trial, should I feel that the overwhelming evidence is against the verdict, or that it shocks my conscience. It does not shock my conscience. (Emphasis added)

■■ Defendant, in its appeal, is apparently contending that the proper test is that a new trial should be granted if the verdict is "merely against the greater weight of the evidence," as the trial court seemed to admit that it was in this case, and that the trial court incorrectly held that a new trial should be granted only if the "overwhelming evidence is against the verdict." The interpretation placed on *Hampton* by Defendant is tantamount to saying that if the trial judge disagrees with the verdict he should grant a new trial. It is the opinion of this Court that this interpretation is supported neither by logic nor the reported cases. It is not ground for awarding a new trial that, if the trial judge had heard the case without a jury, he would have decided it differently. The applicable principle was well stated by the Supreme Court in Ten-

nant v. Peoria & Pekin Union Ry., 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520 (1944):

> Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.

The rule for which Defendant is contending would destroy the role of the jury as the principal trier of the facts, and would enable the trial judge to disregard the jury's verdict at will.

■■■ Although the cases are not consistent in usage, some cases using the phrase "clear weight" and others using the phrase "overwhelming weight" or "overwhelming evidence," it seems clear that the jury's verdict must at least be against the *great* weight of the evidence before a new trial may be granted. R. B. Co. v. Aetna Ins. Co., 299 F.2d 753, 758 (5th Cir. 1962); Marsh v. Illinois Cent. R. R., 175 F.2d 498, 500 (5th Cir. 1949). Although the language of the trial judge does not precisely follow *Hampton*, it is our conclusion that the correct standard was correctly applied.

The Court finds no merit in Defendant's contentions that the trial court erred in failing to grant a new trial because of the excessiveness of the award, or in failing to give certain jury instructions, or in failing to admonish counsel for Plaintiff for certain alleged misstatements of fact made during the closing arguments.

An important question is raised, however, by Defendant's contention that the award to Plaintiff of the amount of decedent's funeral expenses was contrary to law.

■■■ The Jones Act specifically provides that "all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply * * *." 46 U.S.C. § 688. It is therefore apparent that the cases decided under the Federal Employer's Liability Act (FELA) are applicable to suits brought under the Jones Act.

In Philadelphia & R. Ry. v. Marland, 239 F. 1 (3d Cir. 1917), cert. denied, 245 U.S. 671, 38 S.Ct. 191, 62 L.Ed. 540 (1918), the court was confronted with a death action under FELA. It was held that the Act authorized recovery only for pecuniary loss, and that, accordingly, the widow and children of the deceased brakeman could not recover for funeral expenses. In so holding, the court observed that such expenses were chargeable only to decedent's estate. It further held that the measure of damages is the pecuniary loss resulting from death, and is usually limited to loss of support, and conscious pain and suffering endured by the decedent. Following this decision are Heffner v. Pennsylvania R. R., 81 F.2d 28 (2d Cir. 1936); Montellier v. United States, 202 F.Supp. 384 (E.D. N.Y.1962). See also Dow v. Carnegie-Illinois Steel Corp., 165 F.2d 777 (3d Cir. 1948), and First Nat. Bank in Greenwich v. National Airlines, Inc., 171 F.Supp. 528 (S.D.N.Y.1958).

■■■ Plaintiff relies upon Moore v. The O/S Fram, 226 F.Supp. 816 (S.D. Tex.1963), aff'd., 328 F.2d 868 (5 Cir. 1964), in which the trial court allowed a common law wife funeral expenses in a suit brought under the Jones Act and the Death on High Seas Act. The trial judge apparently based his decision on the assumption that under Texas law the wife became legally obligated for the funeral expenses. Without expressing an opinion as to Texas law on this point, it appears clear that in Louisiana the estate, and not the surviving widow, is liable for funeral expenses. Womack v. McCook Bros. Funeral Home, 194 La. 296, 193 So. 652 (1940); Maggio v. Papa, 206 La. 38, 18 So.2d 645 (1944). *Moore* was affirmed by this Court in a per curiam opinion without any specific mention of funeral expenses, and it can only be assumed that the question was not raised or considered on appeal. We do not regard *Moore* as casting doubt on the rule enunciated in the present opinion.

The case is in all respects affirmed, with the exception of the award of damages for funeral expenses, and is remanded for the purpose of enabling the trial judge to modify the judgment relative to funeral expenses in accordance with the present opinion.