Elizabeth L. BENNETT, Plaintiff,

v.

The HOME INSURANCE COMPANY OF
NEW YORK, and Deuteron Company,

v.

Stanley SWINTON, M. D. and John
Ashcraft, M. D., Defendants.

Civ. No. 71-655.

United States District Court,
S. D. Florida.

July 6, 1972.

George B. Weires, Miami, Fla., Edward R. Downing, Miami, Fla., for Elizabeth L. Bennett.

G. Morton Good, Smathers & Thompson, Miami, Fla., for defendants-third party plaintiffs.

Blackwell, Walker & Gray, Miami, Fla., for defendant Stanley Swinton, M. D.

Robert S. McConnaughey, Ft. Lauderdale, Fla., for defendant John Ashcraft, M. D.

OPINION AND ORDER

SOLOMON, District Judge:

Edward R. Downing, as attorney for the plaintiff, Elizabeth A. Bennett, individually and as executrix of the Estate of Arnold E. Bennett, Sr., filed an action for the wrongful death of her husband, without prepayment of fees, as a "SEAMAN'S ACTION UNDER 28 U.S. C.A. § 1916 and 46 U.S.C.A. § 688."

On the second day of the trial, the action was settled with my approval for $10,000.00. Mr. Downing now desires to deduct from the $10,000.00 settlement, $5,000.00 for his attorney's fees, $2,125.-

00 for expert medical fees of two physicians, and $532.55 for other costs. This would leave Mrs. Bennett $2,342.45.

Mrs. Bennett, through another attorney, has filed a motion asking that I set the attorney's fees for Mr. Downing and the expert fees of the two medical experts: Dr. Howard Engle, who seeks $900.00, and Dr. David Katzin, who seeks $1,225.00. She asserts that before the case was settled, Mr. Downing told her that his fee would be one-third of settlement. She also asserts that the bills of the two expert witnesses are excessive.

Mr. Downing says the written retainer called for him to receive 40 per cent of the recovery before suit and 50 per cent after suit. Mr. Downing says the amount he was to receive under the written fee agreement was not reduced when the settlement between the plaintiff and the defendants was agreed upon. He also says that the expert medical fees billed to him were reasonable and that he incurred these expenses on behalf of the plaintiff.

Mr. Downing also questions my jurisdiction to fix his attorney's fees and the expert fees of the two witnesses. He failed to cite any authorities for his position.

 This case was filed under federal law, and I approved the settlement. I therefore have authority to decide on matters incidental or ancillary to the main controversy, including attorney's fees and costs and determining the manner in which the funds are to be distributed. *See* Stark v. Chicago, North Shore & Milwaukee Ry. Co., 203 F.2d 786 (7th Cir. 1953); Moore v. O/S Fram, 226 F. Supp. 816 (S.D.Tex.1963), aff'd. sub nom., Wilhelm Seafoods, Inc. v. Moore, 328 F.2d 868 (5th Cir. 1964); Greenberg v. Panama Transport Company, 185 F. Supp. 320 (D.Mass.1960), vacated on other grounds, 290 F.2d 125 (1st Cir. 1961).

Mrs. Bennett, just before the case was settled, was crying and was in a highly emotional condition. I know that the plaintiff's case was weak and that Mr. Downing knew it was weak.

 I believe that Mr. Downing agreed to accept one-third of the recovery because he stood to lose not only his attorney's fees, but also the costs which he had advanced and probably the fees of the two experts whom he had hired and who had billed him. Even if Mr. Downing did not agree to accept one-third of the recovery at the time the case was settled, I believe that one-third of the recovery under the circumstances of this case is the maximum amount to which he is entitled. I am also of the opinion that the fee arrangement in the written contract was ethically improper and legally invalid.

Dr. Katzin charged Mr. Downing $1,225.00, of which $1,000.00 was for court appearances. Although Dr. Katzin did not testify, he charged $100.00 an hour for seven and one-half hours on March 8, 1972, the first day of the trial, and $100.00 an hour for the two and one-half hours he spent in court on the following morning, just before the case was settled. Dr. Engle charged Mr. Downing $900.00, of which $500.00 was for his court appearance on March 8 from 10:00 A.M. to 12:00 noon and from 1:30 P.M. to 4:30 P.M.

Dr. Engle took the witness stand about 3:00 P.M. and testified until court adjourned approximately one and one-half hours later. Mr. Downing seeks to recover from the plaintiff for the amounts which these two medical experts charged him.

Although a medical expert should be available in court when he is needed to testify, it is an unnecessary extravagance to have him in court when it is known that he will not be called to testify for hours or even days. Here, Dr. Engle, one of the physicians, charged $750.00 for seven and one-half hours in court on the first day of the trial. This means he was in court before the discussions with counsel in advance of the trial, before the jury was selected, and before the opening statements were made. It was also before Mr. Downing called each of the defendants to testify as adverse witnesses.

Dr. Engle did not testify on the first day, and he returned on the next day before the court session resumed and he remained in court until the case was settled, even though Mr. Downing called other witnesses to testify.

Dr. Katzin, the other medical witness, was there during most of the first day, but he did not begin to testify until after 3:00 P.M.

 All of the time that Dr. Engle spent in court and much of the time that Dr. Katzin spent in court was unnecessary; Mr. Downing knew it would be unnecessary. Mr. Downing is not entitled to be reimbursed for unnecessary expenses which he knowingly incurred.

I find that of the $1,225.00 charge made by Dr. Katzin, plaintiff is liable for $375.00. I have allowed Dr. Katzin his full charge of $50.00 an hour for five and one-half hours for conferences and preparation for conferences and court appearances. I have also allowed him $100.00 for probable dislocation of his office schedule awaiting a call to court.

I find that of the $900.00 charge made by Dr. Engle to Mr. Downing, plaintiff is liable for $650.00. I have allowed Dr. Engle his full $400.00 for evaluation of the records, conferences and review of the case, calculated at $50.00 an hour. I have also allowed him $150.00 for his testimony and $100.00 for his standby time.

Mr. George B. Weires, who represents Mrs. Bennett in these proceedings, has asked that I fix his attorney fee also. I find that $200.00 is an adequate and reasonable fee for his services.

It will therefore be the order of this Court that from the $10,000.00 settlement, there shall be deducted and paid to:

1. Mr. Edward R. Downing $3,333.33 for attorney's fees;

2. Mr. Edward R. Downing $482.07 for reimbursement of expenses listed in his statement of March 23, 1972;

3. Dr. Marshall Pepper $50.00 consultation fees;

4. Dr. Howard Engle $650.00 fees for expert services;

5. Dr. David Katzin $375.00 fees for expert services;

6. Mr. George B. Weires $200.00 attorney's fees;

7. Elizabeth L. Bennett, plaintiff, $4,909.60, the balance of the settlement.

It is further ordered that plaintiff and Edward R. Downing shall execute the releases, endorse the checks, and do all things necessary to effectuate the settlement and to distribute the funds in accordance with this order.