**Ray Anthony BERGERON, Jr., Plaintiff-Appellant,**

v.

**CENTRAL FREIGHT LINES, INC., Defendant-Appellee.**

No. 74-2573

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

Dec. 9, 1974.

Rehearing Denied Jan. 8, 1975.

---

[*] Rule 18, 5th Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

John L. Fulbright, Beaumont, Tex., for plaintiff-appellant.

John H. Benckenstein, Beaumont, Tex., for defendant-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

An intersectional collision at Highway 73 and Thirty-Second Street in Jefferson County, Texas formed the basis of this diversity action. Appellant was riding as a passenger in an automobile that collided with one of appellee's trucks on August 12, 1966. A jury trial upon the personal injury claims resulted in a general verdict in favor of appellee. The trial judge refused to grant a new trial.

Appellant seeks review of the trial court's denial of a motion for new trial on the ground that the jury verdict is against the great weight of the evidence. Such a motion is addressed to the sound discretion of the trial court, to be set aside only upon a showing of clear abuse. Faircloth v. Lamb-Grays Harbor Co., Inc., 467 F.2d 685 (5th Cir. 1972); United States for use of Weyerhaeuser Co. v. Bucon Construction Co., 430 F.2d 420 (5th Cir. 1970); Cities Service Oil Co. v. Launey, 403 F.2d 537 (5th Cir. 1968); see also 6A Moore's Federal Practice § 59.08(5).

A review of the record demonstrates no abuse of discretion. Evidence regarding the negligence of both drivers was in conflict. The trial judge is not free to overturn a verdict simply because he disagrees with the jury's conclusion. Rather, the verdict must be clearly contrary to the great weight of the evidence presented at trial. Cities Service Oil Co. v. Launey, supra. In the circumstances of this case the trial court committed no error in denying the motion for new trial.

Judgment affirmed.