**Richard GRIFFITH and Angela Griffith, Plaintiffs/Appellants,**

v.

**SAM OGLE CHRYSLER–PLYMOUTH, INC., Defendant/Respondent.**

No. 70944.

Supreme Court of Missouri, En Banc.

May 16, 1989.

---

Lawrence O. Willbrand, St. Louis, for plaintiffs/appellants.

Richard J. Magee, Daniel J. McAuliffe, John F. Hanlon, Clayton, for defendant/respondent.

WELLIVER, Judge.

Appellants Richard and Angela Griffith appeal the trial court's order granting respondent's motion for a new trial. The trial court found the amount of punitive damages to be against the weight of the evidence and excessive. The Court of Appeals reversed. We accepted transfer, have jurisdiction, and decide as if on original appeal. Mo. Const. art. V, § 10. We affirm the trial court's grant of a new trial and remand for a new trial on the issue of punitive damages.

### I.

Appellants bought a 1981 AMC Eagle from respondent. Since appellant's worksite often required him to cross rugged terrain, he wanted a four wheel drive vehicle. When appellant was being shown the Eagle, respondent's sales manager, Frank English, joined conversation. Appellant's testimony indicated English and the salesman told them the car was in good condition, had been thoroughly inspected, and no defects had been found in either the drive train or the four wheel drive system. Appellant test drove the car, but only within a one mile radius of the dealership. Appellant testified he had been told the one mile limit was due to "insurance reasons". The top speed appellant reached during the test drive was around 35 miles per hour. Appellants experienced problems with the car immediately after the purchase. The car was taken back to respondent's dealership, where problems were found with the four wheel drive system.

Appellants evidence included testimony from Michael Fox, who worked at an auto parts store next door to respondent's dealership. Fox testimony revealed he had met Angela Griffith during a visit by her to the parts store to check prices and availability of parts to service the car. Fox told her he had looked at the car, but was told by someone working at respondent's dealership not to buy the car because it had something wrong with the four wheel drive system. Fox was unable to recall the persons he spoke with, though he thought the individuals were mechanics since their clothing matched the type worn by respondent's mechanics.

Respondent's testimony denied any specific comment had been made regarding the condition of the four wheel drive system either by the salesman or by English, and testified there was no existing "one mile" test drive limit as appellants claimed they had been told. Respondent also brought the former owner of the car to testify that the Eagle's four wheel drive system was in proper working condition at the time of trade-in to respondent's dealership.

Following a finding of liability on the fraud count, the jury awarded appellants $1,222.46 in actual damages and $17,500 in

punitive damages. The trial court granted respondent's motion for a new trial on the issue of the amount of punitive damages, finding the amount to be "against the weight of the evidence and excessive". We affirm the trial court and remand for retrial on the issue of punitive damages.

## II.

We are not unaware that all prior fraud cases submitting actual and punitive damages which have been remanded for excessive damages in either respect, have been remanded for a retrial on all issues, or as *Chambers v. McNair*, 692 S.W.2d 320 (Mo. App.1985), held, for new trial on damages only. These cases generally stated that issues are so intertwined that retrial on all issues is required.

Here, as in *Burnett v. Griffith*, 769 S.W. 2d 780 (Mo. banc 1989), decided contemporaneously herewith, the record abundantly supports the award of actual damages made by the jury. The actual damages awarded below are affirmed.

## III.

The action of the trial court in granting respondent's motion for new trial on the issue of the amount of punitive damages, finding the amount awarded to be "against the weight of the evidence and excessive" should be and is affirmed and the cause remanded for retrial of the issue of punitive damages in accordance with *Burnett, supra*. Affirmed and remanded for retrial on the issue of punitive damages.

BILLINGS, C.J., and BLACKMAR, ROBERTSON, HIGGINS and COVINGTON, JJ., concur.

RENDLEN, J., concurs in result.