Robert A. ZIBUNG,
Respondent–Cross–Appellant,

v.

UNION PACIFIC RAILROAD COMPANY, Appellant–Cross–Respondent.

No. 71403.

Supreme Court of Missouri,
En Banc.

Sept. 8, 1989.

---

road Co. (Union Pacific), when he slipped and fell on their ice covered parking lot. Zibung brought a Federal Employers Liability Act (FELA) action against Union Pacific alleging that the ice covered parking lot constituted an unsafe working condition. The jury awarded Zibung $40,000. Union Pacific moved for judgment notwithstanding the verdict alleging that Zibung had failed to make a submissible case. Zibung moved for a new trial on the issue of damages only. The trial judge granted a new trial as to all issues, and both parties appealed. The Court of Appeals, Western District reversed the order granting a new trial and directed that the jury verdict be reinstated and that the judgment be entered upon that verdict. We granted transfer, have jurisdiction, and decide as if on original appeal. Mo. Const. art. V, § 10. We affirm the order of the trial court denying respondent, cross-appellant, Zibung's, motion for new trial on damages only and denying appellant, cross-respondent, Union Pacific's, motion for J.N.O.V. and granting a new trial on all issues, and we remand for a new trial.

■ As a preliminary matter, Union Pacific argues that Zibung did not make a submissible case. In an action brought under the FELA, plaintiff is entitled to all favorable inferences from the evidence presented to the jury, *Lavender v. Kurn*, 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916 (1946), and the case must be submitted to the jury if there is any evidence to support the employer's negligence. *Rogers v. Missouri Pacific R.R.*, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957).

■ In order to be submissible, the evidence of employer negligence must be at least slight or minimal. *Mendoza v. Southern Pacific Transportation Co.*, 733 F.2d 631, 633 (9th Cir.1984). The jury was entitled to believe that an inch of ice had accumulated, and the jury could further believe that the defendant had the equipment available to alleviate the hazardous condition and did not do so. A submissible

Rik Siro, Thaine Q. Blumer, Kansas City, for appellant-cross-respondent.

Richard L. Martin, Kansas City, for respondent-cross-appellant.

WELLIVER, Judge.

Respondent, cross-appellant, Robert Zibung (Zibung), was leaving his job at appellant, cross-respondent, Union Pacific Rail-

case was made, and Union Pacific's motion for J.N.O.V. was properly denied.

 Union Pacific next contends that a new trial should not be granted because federal law and not Missouri Rule 78.01 applies. Rule 78.01 is a procedural rule. *See* 11 C. Wright and A. Miller, Federal Practice and Procedure, § 2802 (new trial procedural under Erie Doctrine). Missouri courts may apply their own procedural rules. *Rogers v. Thompson,* 308 S.W.2d 688, 693 (Mo.1958).

Rule of Civil Procedure 78.01 provides: The court may grant a new trial of any issue upon good cause shown. A new trial may be granted to all or any of the parties and on all or part of the issues after trial by jury, court or master.

The trial court found the jury verdict to be against the weight of the evidence. This is within the power of the trial court. *Firestone v. Crown Center Redevelopment Corp.,* 693 S.W.2d 99, 110 (Mo. banc 1985). The trial court has "broad authority to grant a new trial." *Burnett v. Griffith,* 769 S.W.2d 780, 791 (Mo. banc 1989). There is no abuse of that authority present in this case.

Zibung contends that it was error as a matter of law to submit a contributory negligence instruction in this case. The FELA requires that the verdict be reduced by the amount of contributory negligence. 45 U.S.C. § 53. "A defendant in an FELA case is entitled to an instruction on contributory negligence if there is 'any evidence to support that theory.'" *Wise v. Union Pacific R. Co.,* 815 F.2d 55, 57 (8th Cir. 1987) (quoting *Meyers v. Union Pacific R.R.,* 738 F.2d 328, 331 (8th Cir.1984). There was such evidence in this case. Zibung testified that he knew the lot was ice covered and that he was not looking down as he walked. Further, a work rule required that employees "be alert for underfoot conditions that may attribute to slipping." If he was not looking down, he was not alert to those conditions. The instruction was properly given.

Zibung's final contention that a new trial should be granted as to the issue of damages only also fails. Rule 78.01 gives the trial court discretion to grant a new trial on all issues. Where the issue of damages and causation are intertwined, a new trial on all issues is proper. *Phillips v. Lively,* 708 S.W.2d 369, 373 (Mo.App. 1986), *See Griffith v. Sam Ogle Chrysler–Plymouth,* 769 S.W.2d 796, 798 (Mo. banc 1989). The trial judge is in the best position to make this judgment and his decision should be deferred to. *Phillips,* 708 S.W.2d at 373.

The order of the circuit court denying both appellant, cross-respondent, Union Pacific's, motion for J.N.O.V. and respondent, cross-appellant, Zibung's motion for a new trial on the issue of damages only, and, granting a new trial on all issues is affirmed. The cause is remanded for a new trial on all issues.

Affirmed and remanded.

BLACKMAR, C.J., ROBERTSON, RENDLEN, HIGGINS, and BILLINGS, JJ., and DOWD, Special Judge, concur.

COVINGTON, J., not sitting.