William F. SANDERS,
Plaintiff/Appellant,

v.

NATIONAL RAILROAD PASSENGER CORP., d/b/a Amtrak,
Defendant/Respondent.

No. 68547.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 30, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 9, 1996.

Application to Transfer Denied
Oct. 22, 1996.

Carlson, Wendler & Sanderson, P.C., Charles W. Armbruster, III, St. Louis, for Appellant.

Armstrong, Teasdale, Schlafly & Davis, Thomas L. Orris, Theodore J. Williams, Jr., Thomas B. Weaver, Marshall R. Hoekel, St. Louis, for Respondent.

PUDLOWSKI, Presiding Judge.

This appeal arises from an action under the Federal Employer's Liability Act (FELA). Mr. Sanders (appellant) brought suit against National Railroad Passenger Corporation (Amtrak) for injuries sustained to the nerves in his face when an object flew through an open window of the locomotive he was operating. The jury found the railroad was negligent and awarded appellant $450,-000.00. Amtrak motioned for judgment notwithstanding the verdict. The trial court granted Amtrak's motion and in the alternative granted a new trial. We reverse the JNOV, reverse the order of a new trial and remand with instructions that the jury verdict be reinstated.

Appellant is a locomotive engineer for Amtrak. On the evening of July 7, 1990, appellant was operating a train through Carondelet Park in St. Louis. It was approximately 89 degrees inside the cab of the locomotive and the cab was not air conditioned so appellant had the window open for ventilation. There was no regulation prohibiting crew members from opening the windows while operating a train. There was a regulation requiring glazed glass able to withstand specified impacts in all train windows.

As the train moved through the park, an object came through the window and struck appellant on the side of the face. Appellant believes it was a bullet because he recalls seeing a muzzle flash and hearing a gunshot immediately before he was struck. No bullet or other object was recovered. The object left appellant with a huge hematoma and scratches. As a result of the accident, he suffers from permanent nerve damage and chronic pain.

In December of 1991, appellant filed suit against Amtrak alleging negligence under FELA. The case was tried to a jury pursuant to the FELA statute. The trial court took judicial notice of the fact that the railroad had notice that projectiles are regularly launched at trains. The jury returned a verdict in favor of appellant. Amtrak motioned for judgment notwithstanding the verdict and in the alternative a new trial. The trial court granted the JNOV and a new trial should the JNOV be overturned. This appeal followed.

As a threshold matter, Amtrak alleges appellant's brief does not comply with Rule 84.04 in that his points relied on do not state what rule of law the court should have applied nor do they indicate wherein and why the trial court erred. Amtrak argues appellant has preserved nothing for review. Appellant motioned to file an amended brief and the motion was granted. The amended brief does comply with the rule. Amtrak's argument is denied.

In point one, Appellant argues the trial court erred in finding he failed to present a submissible case and, therefore, erred in granting JNOV. We agree. In a FELA action, the question of whether plaintiff met his burden in making a submissible case is governed by federal law. *Stewart v. Alton and Southern Ry. Co.,* 849 S.W.2d 119, 123 (Mo.App. E.D.1993). The Act is an avowed departure from common law. *Id.* The test under FELA is simply whether the proofs justify with reason the conclusion that the employer's negligence played any part, however slight, in producing the injury for which damages are sought. *Id.* It does not matter that the jury could, on grounds of probability, attribute the injury to other causes. *Id.* Judicial appraisal of the proofs to determine if a jury question is presented is limited to the single issue of whether, with reason, the conclusion may be drawn that the negligence

of the employer played any part at all in the injury. *Id.*

A submissible case is made where plaintiff shows the railroad had a duty to provide a reasonably safe work place, that lack of care played some part, however slight, in producing the injury and that the injury was reasonably foreseeable. *White v. Union Pacific R.R. Co.,* 871 S.W.2d 50, 53 (Mo.App. E.D.1993). There is no dispute about Amtrak's duty to provide a reasonably safe work place. Amtrak alleges the injury was not foreseeable because the railroad had no notice that shootings occurred in Carondelet Park. We disagree. The issue of foreseeability is generally a jury question. *Stewart,* 849 S.W.2d at 125. Judicial review is limited to the reasonableness of the jury finding. *Id.* It is the knowledge or anticipation of the possibility of harm to the plaintiff, not the exact nature of the injury that is determinative. *Id.* The trial court took judicial notice of the fact projectiles are often launched at trains, nationwide. This fact is sufficient to establish the railroad had notice that injury could occur at any given point on its train routes from an object coming through open windows. It is inconsequential that the railroad did not have notice of shootings in the park. The possibility of injury from a condition in the work place is what must be reasonably foreseeable, not knowledge of the precise injury and location. In this case, the condition was open windows rather than protective glass. Accordingly, it was reasonable for the jury to find the railroad had notice of the risk of injury based on the fact judicially noticed into evidence. There was also a memo from the railroad that indicated it was aware of the heat in locomotive cabs and that air conditioning would afford a more comfortable and *safe* working environment. The memo specifically admitted the railroad's knowledge of risk of injury from projectiles coming through the open windows. We find this evidence clearly sufficient for a jury to conclude the railroad had notice of a danger to its employees from objects flying in through the open windows. It also indicates the railroad knew the heat in the cabs required open windows for ventila-

tion and consequently, put the employees in the cab at risk. There was evidence of foreseeability.

Amtrak also contends no causation was shown. Amtrak argues even if the windows were shut it would not have prevented the injury because the Code of Federal Regulations only required glass that could withstand a .22 caliber bullet and the only evidence of the cause of the injury was the testimony of appellant's co-worker that the projectile that struck appellant was a bullet larger than a .22 caliber. We disagree that the only evidence was the coworker's testimony. There was the evidence of the injury. Whatever struck appellant did not penetrate the skin. From this the jury could reasonably conclude the projectile, if a bullet, was a .22 caliber or smaller.[1]

*Amtrak cites Dildine v. Frichtel,* 890 S.W.2d 683, 685 (Mo.App. E.D.1994) for the proposition a plaintiff is bound by the uncontradicted testimony of their own witnesses and argues appellant is bound by the coworker's testimony as to the size of the bullet. Amtrak misconstrues the issue before the court in *Dildine.* That case dealt with the adverse witness rule. Where a plaintiff calls an adverse witness he is bound by the testimony elicited on direct examination, if uncontradicted, but not by the testimony on cross-examination. *Id.* This rule has no bearing on this case. It is the province of the jury to judge the credibility of the witness. *DeLong v. Hilltop Lincoln–Mercury Inc.,* 812 S.W.2d 834, 842 (Mo.App. E.D. 1991). They are free to believe all, part, or none of the testimony presented. *Id.* Here, a co-worker, not a gun expert, in a noisy locomotive claimed the shot was too loud to have come from a .22 caliber gun. This opinion was speculative. The jury did not credit this testimony and was not obliged to. The evidence was sufficient for the jury to find causation.

Amtrak argues appellant failed to make a submissible case because his theory of negligence is preempted by federal law. Amtrak asserts that because the regulations do not require airconditioning in the locomotive cab,

---

1. No bullet or other object was recovered.

the employer cannot be found negligent for not providing this safety measure. We need not address this argument because a failure to provide air-conditioning is not necessary to find negligence here. Locomotives are required to have protective glass able to withstand certain impacts. 49 C.F.R. § 223. The temperature inside the cab was approximately ninety degrees that evening and the only source of ventilation, other than the open window, was a small inadequate roof vent. From this evidence a jury could reasonably conclude the employer was negligent because the heat in the locomotive cab rendered the safety glass useless and hence the employer failed to provide the employee the protection the regulations required. Air-conditioning is a possible solution to this dangerous condition but the absence of it is not the failure that caused the injury. The order of the trial court, granting Amtrak's motion for JNOV, is reversed.

■ The final issue raised by appellant is whether the trial court erred in granting the motion for a new trial based on a verdict against the weight of the evidence. Amtrak points out that a new trial is a procedural matter and consequently, state law, not federal law controls. A new trial motion is procedural and states may apply their own procedural rules when deciding a federal question. *Zibung v. Union Pacific R.R.*, 776 S.W.2d 4, 6 (Mo. banc 1989). Under Missouri law, a trial court has wide discretion in granting a new trial on the grounds that the verdict is against the weight of the evidence and such grant of a new trial will be affirmed on appeal unless there is an abuse of discretion by the trial court. *Robertson v. Cameron Mut. Ins.*, 855 S.W.2d 442, 446 (Mo.App. W.D.1993). Deference to the trial court's ruling on a new trial motion only applies to questions of fact not matters of law. *Swift v. Bagby*, 559 S.W.2d 635 (Mo.App.1977). The issue here is the discretion a trial court has in weighing the evidence under the reduced standard of proof applicable in FELA cases on a defendant's motion for a new trial.

■ In considering FELA cases, Missouri state courts are bound by the decisions of the United States Supreme Court. *Heppner v. Atchison, Topeka and Santa Fe Railway Co.,*

297 S.W.2d 497, 501 (Mo. Banc 1956). The United States Supreme Court and the FELA Statute set out the weight of evidence necessary to sustain a negligence action under FELA.

■ The U.S. Supreme Court, in interpreting FELA, declared that to the maximum extent proper, questions arising under the act shall be left to the jury. *Id.* It is only when there is a complete absence of probative facts to support a conclusion of negligence and proximate cause that a case under the act may be taken from the jury. *Id.* Jury verdicts under FELA must be upheld if there is any evidence, even the slightest, of negligence on the part of the railroad. *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 505–08, 77 S.Ct. 443, 448–449, 1 L.Ed.2d 493 (1957). Judicial appraisal is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence by the employer played any part at all in the injury or death. *Id.* Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out, whether or not the evidence supports other probabilities. *Id.* Congress vested the power of decision in these actions exclusively in the jury in all but the infrequent cases where fair-minded jurors could not disagree that employer fault played no part in an employee's injury. *Id.*

The trial court was obligated to follow the mandate of the Statute and United States Supreme Court in weighing the evidence in this case. Under the law, the trial court was obligated to evaluate the new trial motion based on the reduced standard of proof applicable to FELA. The trial court is limited to a determination of whether there is even the slightest evidence of employer negligence. That is the burden of proof plaintiff must meet and is the legal standard the courts are bound by whenever they weigh the evidence in a FELA case. In this case, there is evidence in the record that the employer's conduct played some part in appellant's injury. Therefore, as a matter of law the trial court erred in granting a new trial.

Amtrak cites three Missouri cases in support of the trial court's new trial order: *Veach v. Chicago N.W. Transportation Co.*, 719 S.W.2d 767 (Mo. banc 1986); *Zibung v. Union Pacific R.R.*, 776 S.W.2d 4 (Mo. banc 1989); *Qualls v. St. Louis S.W. Ry.*, 799 S.W.2d 84 (Mo. banc 1990). None of these cases granted a new trial for the defendant based on a verdict against the weight of the evidence where there was at least some evidence of employer negligence. We see no conflict between our holding today and the prior decisions of this court or the Missouri Supreme Court. The trial court's order of an alternative new trial is reversed.[2] The case is remanded with instructions that the trial court reinstate the jury verdict and enter judgment for appellant.

SIMON and HOFF, JJ., concur.

---

**2.** Amtrak also made a post-trial motion for remittitur and the court did not rule on the motion. Any authorized after-trial motion not ruled on at the time the motion for a new trial is determined is deemed overruled as of the same date. Rule 81.05 1994. Amtrak did not appeal the remittitur issue, therefore, we do not consider it.