James **BRADDY**, Respondent,

v.

**UNION PACIFIC RAILROAD COMPANY**, Appellant.

No. ED 81967.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 5, 2003.

Application for Transfer to Supreme Court Denied Sept. 24, 2003.

Michael A. Gross, St. Louis, MO, John P. Kujawski, O'Fallon, IL, for respondent.

CLIFFORD H. AHRENS, Judge.

The Union Pacific Railroad Company ("Union Pacific") appeals from the judgment of the trial court which granted the motion of James Braddy ("Braddy") for a new trial on the ground that the jury verdict in favor of Union Pacific on Braddy's negligence claim under the Federal Employer's Liability Act ("FELA") was against the weight of the evidence. Finding no error, we affirm.

In April 1999, Braddy worked as a carman painter for Union Pacific at the company's shop in DeSoto, Missouri. On April 14, 1999, he was working in a manual blast area, Blast 3, with Vern Slatton. They were using high-pressure hoses to spray steel shot at the ends and roof of a railroad car to prepare the car for painting. The car had initially been prepared for the blasting by carman preppers who covered portions of the car to protect it from the steel shot and checked the car for debris. It had also been through an automated blast prior to being treated by Braddy. The automated blast propelled steel shot at the cars to strip paint, rust and dirt off of them. This could result in loose debris, as could the manual blast process.

Braddy was touching up the interior of a railroad car with the manual blast and was bent over blowing steel shot out of the car. When he stood up, his right foot allegedly slipped on a loose piece of debris. This caused him to twist his back as he stood, resulting in a "popping" noise and pain in his back. Braddy did not fall or otherwise hit any part of his body on the railroad car. He completed his work on the car and went with Slatton to report the injury to his supervisor. Slatton testified that

Stephen M. Buckley, St. Louis, MO, for appellant.

while walking to the supervisor's office, Braddy told him that he had slipped on a piece of debris while standing up, and this caused his injury. Braddy reported the injury to his supervisor, but declined medical attention at the time. He returned to work, blasting a final railroad car before the end of his shift. Braddy continued to work thereafter, apparently with some back pain, until April 26, 1999, when he went back to his supervisor to report that the pain had not improved and he planned to see a doctor. Braddy's supervisor told him to fill out an injury report, and Braddy initially completed a portion of the report in the office that same day. The next day, Braddy visited Dr. David Stronsky, an orthopedic surgeon. Dr. Stronsky's records indicate that Braddy informed him that while manually blasting a railroad car, he was "twisting hose around and back twisted, felt a pop, severe pain in low back[.]" There was no mention of slipping on debris in the records. After his visit to Dr. Stronsky, Braddy finished completing the injury report for Union Pacific. He listed the case of his injury as "while blowing shot out of the end of [a railroad car], back popped while in end of car." Braddy did not mention slipping on debris in the report, nor was it mentioned as the cause of injury in the records of Braddy's subsequent treating physician and physical therapist. However, in November 1999, Braddy saw a third physician, Dr. George Schoedinger. Braddy reported that his back injury resulted from "holding a sandblasting hose in a semi-flexed position, at which time he slipped on some steel shot and paint flecks and he twisted his low back and felt a pop in his low back and thereafter pain."

In March 2000, Braddy filed an action against Union Pacific under FELA, alleging that Union Pacific negligently caused him to injure himself while working as a carman painter. Brady's petition alleged

he slipped on debris which should have been removed by the employees responsible for preparing the cars before they entered the manual blast area, which caused him to twist his back to prevent himself from falling. Braddy also alleged that the ventilation and lighting systems were inadequate, which caused reduced visibility and made his work area unsafe.

Evidence was presented at trial that Braddy slipped on debris that was at the end of the car he was working on. There was evidence that debris often remained on railroad cars when they entered the manual blast areas, that there had been previous complaints made to Union Pacific about such debris, and that Union Pacific had not adequately addressed such complaints. Though there was no substantial evidence adduced concerning inadequate lighting, there was evidence presented that the ventilation system was not adequate and contributed to visibility problems. Braddy also introduced evidence of his physical condition, medical condition, ability to work in the future, and the damages he claimed to have suffered as a result of his back injury.

The jury returned a verdict in favor of Union Pacific. Braddy filed motions for judgment notwithstanding the verdict ("JNOV") and for a new trial. The trial court denied the motion for JNOV, but granted the motion for new trial on the ground that the jury's verdict in favor of Union Pacific was against the weight of the evidence. Union Pacific now appeals.

In its first point on appeal Union Pacific contends that the trial court erred in granting Braddy a new trial on the grounds that the jury's verdict in its favor was against the weight of the evidence. Union Pacific claims that the trial court had no discretion to grant Braddy a new

trial because Braddy failed to make a submissible case.

In a FELA action, federal law governs the question of whether or not a plaintiff has met his burden in making a submissible case. *Stewart v. Alton and Southern Ry. Co.*, 849 S.W.2d 119, 123 (Mo.App.1993). FELA is an avowed departure from the common law. *Id.* The test for submissibility in FELA is simply whether the proofs justify, with reason, the conclusion that the employer's negligence played any part, however slight, in causing the injury for which damages are sought. *Id.* It does not matter that the jury could, based on probability, attribute the injury to another cause. *Id.*

To establish a submissible case under FELA, Braddy had to show that Union Pacific had a duty to provide a reasonably safe work place, that lack of care played a part, however slight, in producing the injury, and that the injury was reasonably foreseeable. *Id.* at 124. There is no dispute that Union Pacific has a duty to provide a reasonably safe work place for its employees, including Braddy. Evidence was presented at trial of recurrent problems with debris on railroad cars as they came into the manual blast area for cleaning, and that Union Pacific was aware that this was an ongoing concern. Braddy himself testified about complaints concerning the debris on the railroad cars entering the manual blast areas, and other witnesses corroborated this testimony. Additionally, there was documentary evidence reflecting such complaints prior to the date of Braddy's injury. There was also evidence that there were ventilation problems that reduced visibility in the manual blast, that the high-pressure hose in Blast 3 was overly powerful, and that Union Pacific was aware of these problems. There was testimony that slipping on debris caused Braddy to twist and injure his back.

Because of the broad construction given FELA, the standard of proof for negligence is more relaxed. *Briggs v. Kansas City Southern Railway Co.*, 925 S.W.2d 908, 913 (Mo.App.1996). A case should be submitted to the jury if there is any evidence to support the employer's negligence. *Wilson v. Consolidated Rail Corp.*, 875 S.W.2d 178, 180 (Mo.App.1994). Here, as discussed above, there was evidence of negligence on the part of Union Pacific for failure to adequately address the complaints made regarding debris in the manual blast area. This debris purportedly caused Braddy to slip and twist and injure his back. There was also evidence that the ventilation system was inadequate and resulted in reduced visibility in the manual blast area. Thus, under the relaxed standard of proof for negligence in FELA cases, Braddy made a submissible case to the jury. Point denied.

In its second point on appeal, Union Pacific asserts that the trial court erred in granting Braddy a new trial on the ground that the jury's verdict in its favor was against the weight of the evidence because once a submissible case is made, federal law in FELA cases gives juries the exclusive right to decide the factual issues of causation and negligence and the trial court has no authority to overturn the jury's verdict.

In the ordinary civil case, under Rule 78.02 the trial court has broad discretionary power to grant one new trial on the basis that the verdict was against the weight of the evidence. *O'Neal v. Agee*, 8 S.W.3d 238, 241 (Mo.App.1999) Such a ruling will be reversed only in the event of a manifest abuse of discretion, as the trial court is in a superior position to weigh the evidence adduced at trial than appellate courts. *Id.* Provided that the plaintiff makes a submissible case, the trial court's

grant of a motion for a new trial on this ground is virtually unfettered. *Brown v. Lanrich, Inc.*, 950 S.W.2d 235, 236 (Mo. App.1997).

In reviewing FELA cases, Missouri courts are bound by the decisions of the United States Supreme Court. *Heppner v. Atchison, Topeka and Santa Fe Railway Co.*, 297 S.W.2d 497, 501 (Mo. banc 1956). However, Missouri courts may apply their own procedural rules, and a motion for new trial under Rule 78.01 is procedural. *Zibung v. Union Pacific Railroad Co.*, 776 S.W.2d 4, 5 (Mo. banc 1989). The Missouri Supreme Court stated in *Zibung* that the trial court has the power to find that the jury verdict is against the weight of the evidence, and that it has broad authority to grant a new trial.

In *Zibung*, an injured employee brought a claim for injuries on the ground that the railroad failed to provide safe working conditions. The jury awarded the plaintiff damages, and the railroad filed a motion for JNOV on the ground that plaintiff failed to make a submissible case. Plaintiff also filed a motion for new trial on the issue of damages. The trial court denied both motions and ordered a new trial on all issues. Both parties appealed. The Missouri Supreme Court affirmed the trial court's order for a new trial and remanded the case. The Supreme Court also noted that trial courts have broad authority to grant new trials and no abuse of discretion occurred. *Id.*

Union Pacific relies on *Sanders v. National Railroad Passenger Corp.*, 930 S.W.2d 36 (Mo.App.1996), which expressed a different view. *Sanders* limited the trial court's authority to grant a motion for new trial on the ground that the jury verdict is against the weight of the evidence in FELA cases only when there is a "complete absence of probative facts to support

the conclusion of negligence." *Sanders*, 930 S.W.2d at 39. In its review of the trial court's ruling on a motion for new trial as against the weight of the evidence, the *Sanders* court applied the standard for when an appellate court may interfere with a jury verdict. That standard is identical to the test for determining when a trial court may grant a motion for directed verdict or for judgment notwithstanding the verdict, and is not the traditional Missouri test for granting a new trial on the ground that the verdict was against the weight of the evidence.

In *Sanders*, an employee of the railroad was injured by a projectile that struck him in the face through an open window on the train. The jury found the railroad negligent and awarded plaintiff damages. The trial court granted the railroad's motion for new trial based on a verdict against the weight of the evidence. Plaintiff appealed. Initially, the court noted that a motion for new trial is a procedural issue, and states may apply their own rules when deciding a federal question. *Sanders*, 930 S.W.2d at 39. The court noted that pursuant to Missouri law, a trial court has wide discretion to grant a new trial on the ground that the verdict is against the weight of the evidence, and the appellate court reviews such a grant for abuse of discretion. *Id.* However, the court continued to examine the "discretion that a trial court has in weighing the evidence under the reduced standard of proof applicable in FELA cases on a defendant's motion for a new trial." *Id.* at 39. The *Sanders* court found that the trial court was required to follow the mandates of FELA and the U.S. Supreme Court in weighing the evidence in the case, and the trial court was compelled to decide the motion for new trial based on the lowered standard of proof applicable in FELA cases. *Id.* The court stated that based upon this reduced bur-

den of proof, the trial court was "limited to a determination of whether there is even the slightest evidence of employer negligence. That is the burden of proof plaintiff must meet and is the legal standard the courts are bound by whenever they weigh the evidence in a FELA case." *Id.* The court noted that only where there is a complete absence of probative facts to support the conclusion of negligence may a FELA case be taken from the jury. *Id.* The court determined that, "[j]ury verdicts under FELA must be upheld if there is any evidence, even the slightest, of negligence on the part of the railroad." *Id.* (citing *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 505–08, 77 S.Ct. 443, 448–449, 1 L.Ed.2d 493 (1957)).

In its discussion of the trial court's grant of a new trial on the ground that the verdict is against the weight of the evidence, *Sanders* relies on *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 505–08, 77 S.Ct. 443, 448–449, 1 L.Ed.2d 493 (1957). Additionally, in its discussion as to the extent matters are left to the jury in FELA cases, *Sanders* relies upon *Heppner v. Atchison, Topeka and Santa Fe Railway Co.*, 297 S.W.2d 497, which references *Lavender v. Kurn*, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916 (1946). In both *Rogers* and *Lavender*, the United States Supreme Court reversed the Missouri Supreme Court's decision to set aside a jury verdict in favor of a plaintiff in a FELA case. In both cases, the United States Supreme Court noted that the appellate court could not assume the jury's function as to weighing the evidence. *Rogers*, 352 U.S. at 503–04, 77 S.Ct. at 447; *Lavender*, 327 U.S. at 652, 66 S.Ct. at 744. *Rogers* and *Lavender* noted that for an appellate court to reverse a jury's verdict, there must be a complete absence of probative facts to support the conclusion reached by the jury. *Id.* However, in both cases, the United States Supreme Court

reversed an appellate court's setting aside a jury verdict. It did not reverse the grant of a new trial by a trial court, or restrict a trial court's discretion to grant a motion for new trial in a FELA case based on a verdict against the weight of the evidence.

■■■■ While *Sanders* places great emphasis on federal law, we note that federal trial courts, which have concurrent jurisdiction over FELA cases, have the discretion to grant a new trial on the basis that the verdict is against the weight of the evidence in FELA and Jones Act cases (which incorporate FELA), when the trial court determines that the jury's verdict is against the clear or great weight of the evidence or to prevent a miscarriage of justice. *See Robinson v. Burlington Northern Railroad Company*, 131 F.3d 648 (7th Cir.1997); *Bissett v. Burlington Northern Railroad Company*, 969 F.2d 727 (8th Cir.1992); *Narcisse v. Illinois Central Gulf Railroad Company*, 620 F.2d 544 (5th Cir.1980); *Cities Service Oil Company v. Launey*, 403 F.2d 537 (5th Cir. 1968) (Jones Act case); *Hampton v. Magnolia Towing Company*, 338 F.2d 303 (5th Cir.1964) (Jones Act case); *McCracken v. Richmond, Fredericksburg and Potomac Railroad Company*, 240 F.2d 484 (4th Cir. 1957). Federal courts in FELA cases and Jones Act cases do not apply a directed verdict or JNOV standard to the grant or denial of a new trial on the ground that the verdict is against the weight of the evidence, and have pointed out the difference between the standard for granting a new trial and that for ordering a directed verdict or JNOV, in which the case is removed entirely from the jury. *See Cities Service*, 403 F.2d 537; *Hampton*, 338 F.2d 303; *McCracken*, 240 F.2d 484.

In support of its reliance on *Sanders*, Union Pacific cites to *Deen v. Hickman*,

358 U.S. 57, 79 S.Ct. 1, 3 L.Ed.2d 28 (1958) and *Harsh v. Illinois Terminal R.R. Co.,* 348 U.S. 940, 75 S.Ct. 362, 99 L.Ed. 736 (1955), both per curiam decisions. Both *Deen* and *Harsh* involved appellate courts setting aside jury verdicts, not trial courts granting motions for a new trial, with *Harsh* relying solely on *Lavender,* which case we have already discussed above.

Union Pacific also cites to *Texas and Pacific Railway Company v. Roberts,* 481 S.W.2d 798 (Tex.1972) in support of the view of extending *Sanders* to motions for new trial filed by plaintiffs which argue that the verdict is against the weight of the evidence. *Roberts* involved an appellate court setting aside a verdict. The court in *Roberts* says nothing about a trial court's discretion to grant a new trial in a FELA case to either party on the grounds that the verdict is against the weight of the evidence, but rather addresses the limits of appellate review of a jury verdict.

We believe that *Sanders* applied the incorrect standard in deciding that case. The court's holding in *Sanders* concerning the ability of the trial court to grant a new trial on the ground that the verdict is against the weight of the evidence in a FELA case rests upon the standard for appellate review of a jury verdict as articulated by the United States Supreme Court. Although *Sanders* correctly states general principles set forth by the United States Supreme Court in FELA cases relating to when an appellate court may set aside a jury verdict, we believe that it did not apply the proper test for a trial court's

grant of new trial based upon the jury verdict being against the weight of the evidence.

The appropriate standard as applied to trial courts in FELA cases is set forth by our Supreme Court in *Zibung,* 776 S.W.2d at 6. *Zibung* states that Missouri courts may apply their own procedural rules in FELA cases, and the trial court has the power to determine that a jury verdict is against the weight of the evidence, and broad authority to grant one new trial under Rules 78.01 and 78.02.[1]

Other state courts have also declined to apply the standard set forth in *Sanders* and instead have adopted standards similar to that set out by the Missouri Supreme Court in *Zibung.* These jurisdictions give the trial court discretion to weigh the evidence and the power to grant or deny a motion for a new trial in a FELA case on the ground that the verdict is against the weight of the evidence. *See Lamphere v. Consolidated Rail Corporation,* 210 W.Va. 303, 557 S.E.2d 357, 360–61 (2001) (trial court permitted to weigh the evidence and assess credibility and grant a new trial when it considers the verdict to be against the clear weight of the evidence); *Smith v. Union Oil Company,* 241 Cal.App.2d 338, 50 Cal.Rptr. 499, 504–07 (1966), *cert. denied,* 385 U.S. 931, 87 S.Ct. 291, 17 L.Ed.2d 213 (1966)[2] (followed the traditional California rule allowing the trial judge to weigh the evidence and grant a new trial, and noted that *Rogers* and other cases following it in-

---

**1.** Were we to apply the standard set forth in *Sanders* to the present case, two potential consequences could result. The first is a two-tiered standard for the application of Rule 78.02 in FELA cases in Missouri. The ordinary civil standard for the grant of a new trial on the basis that the verdict is against the weight of the evidence would apply to plaintiffs, and defendants would be subject to the

standard set out by *Sanders,* which is essentially that of a directed verdict or JNOV. The second possible result is to effectively render Rule 78.02 meaningless in FELA cases except in those circumstances where the trial court should grant a directed verdict or JNOV.

**2.** *Smith* is a case arising under the Jones Act, which incorporates FELA.

volved the granting of JNOVs or similar actions which "finally removed the jury from participation in the ultimate result"); *Taluzek v. Illinois Central Gulf Railroad Co.*, 255 Ill.App.3d 72, 193 Ill.Dec. 816, 626 N.E.2d 1367, 1373 (1993) (trial court authorized to set aside jury verdict if against the manifest weight of the evidence); *Baker v. Amtrak National Railroad Passenger Corp.*, 588 N.W.2d 749, 753 (Minn.Ct. App.1999) (trial court has discretion to grant a new trial, and will be reversed only for a "clear abuse of discretion"); *Norton v. Norfolk Southern Railway Company*, 350 S.C. 473, 567 S.E.2d 851, 854–56 (2002) (applied the federal "against the clear weight of the evidence" standard).[3]

We follow the ordinary Missouri civil standard, as applied by our Missouri Supreme Court to FELA cases in *Zibung*, which grants the trial court the broad discretionary power to grant one new trial on the basis that the verdict was against the weight of the evidence under Rules 78.01 and 78.02. Provided that the plaintiff makes a submissible case, the trial court's discretion to grant a motion for new trial to a plaintiff on this ground is virtually unfettered. *Brown v. Lanrich, Inc.*, 950 S.W.2d at 236. Where a defendant is granted a new trial on this ground, the reviewing court need not determine whether defendant presented substantial evidence to support a verdict, because unlike a plaintiff, defendant is not required to present evidence for the fact-finder to weigh. *O'Neal v. Agee*, 8 S.W.3d 238 at 240. As a result, the trial court's grant of a new trial to a defendant under Rule 78.02 is virtually immune from appellate interference. *Id.* To the extent that *Sanders* adopts a different standard, it should no longer be followed.

Under the applicable standard of review, as previously noted, provided that the plaintiff makes a submissible case, the trial court's discretion to grant a motion for new trial on this basis is virtually unfettered. Based upon the record before us, and in light of our determination that plaintiff made a submissible case, the trial court did not abuse its discretion in granting a new trial to Braddy on the ground that the verdict was against the weight of the evidence. Point denied.

The judgment of the trial court is affirmed.

MARY R. RUSSELL, P.J., and BOOKER T. SHAW, J., concur.

**3.** *But see Weber v. Chicago and Northwestern Transportation Co.*, 191 Wis.2d 626, 530 N.W.2d 25, 27–28 (Ct.App.1995) (relying on *Lavender,* 327 U.S. at 653, 66 S.Ct. at 744).