GEORGE W. DRAPER III, Judge,
dissenting.
I respectfully dissent from the principal opinion in that I believe the trial court abused its discretion in failing to admit the excluded evidence. During trial, Lozano attempted to present evidence that the ETDs could have been stored in an alternative location on the locomotive, securing them in a manner that would prevent injury and allow the locomotive to be lead qualified. Lozano was prevented from fully developing and presenting his case to the jury. Accordingly, I would reverse the judgment of the trial court and remand for a new trial.
In any action for negligence, the plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant’s failure proximately caused plaintiffs injury. Jarrett v. Jones, 258 S.W.3d 442, 448 (Mo. banc 2008). A “FELA case should be submitted to a jury if there is any evidence, however slight, to support the employer’s negligence.” Rice v. BNSF Ry. Co., 346 S.W.3d 360, 368 (Mo.App.S.D.2011) (quoting Ramsey v. Burlington Northern & Santa Fe Ry. Co., 130 S.W.3d 646, 651 (Mo.App.E.D.2004)); see also CSX Transp., Inc. v. McBride, — U.S. -, 131 S.Ct. 2630, 2643, 180 L.Ed.2d 637 (2011) (citations omitted). “It does not matter that the jury could, based on probability, attribute the injury to another cause.” Braddy v. Union Pac. R.R. Co., 116 S.W.3d 645, 649 (Mo.App.E.D. 2003).
For Lozano to make a submissible FELA case regarding an unsafe work condition, he had to demonstrate that BNSF had a duty to provide a reasonably safe work place, BNSF’s lack of care played a part, however slight, in producing his injury, and his injury was foreseeable. Palmer v. Union Pacific R. Co., 311 S.W.3d 843, 853 (Mo.App.E.D.2010). FELA places upon a railroad employer the duty to provide its employees with a reasonably safe place to work. Giddens v. Kansas City S. Ry. Co., 29 S.W.3d 813, 818 (Mo. banc 2000).
The principal opinion asserts that Loza-no’s “excluded evidence does not purport to demonstrate alternative methods of moving these ETDs from the locomotive cab that would have allowed him to perform this task without injury or alternative conditions in which Lozano could have performed this task and not been hurt.” Op. at 453. However, the excluded evidence would have demonstrated that there was an alternative location within the locomotive for the ETDs. Had BNSF required the ETDs to be in the alternative location within the locomotive, Lozano would not have had to lift the ETDs from the cab nose. This evidence also could establish the prevention of other workplace injuries such as the danger of tripping over the improperly stored ETDs. Lozano’s proffered evidence would have established Lo-zano’s injury was foreseeable to BNSF.
Accordingly, I believe it was error for this evidence to have been excluded; all of the facts encompassing Lozano’s claims should have been presented to the jury for *458 it to have a complete picture and make a proper determination of potential liability. I would reverse and remand for a new trial.