557 S.E.2d 357

**Fred LAMPHERE, Plaintiff Below, Appellee**

v.

**CONSOLIDATED RAIL CORPORATION and Penn Central Corporation, Defendants Below, Appellants.**

**No. 29691.**

Supreme Court of Appeals of West Virginia.

Submitted Nov. 7, 2001.

Decided Nov. 30, 2001.

---

David A. Damico, Kendra L. Smith, Burns, White & Hickton, Pittsburgh, PA, and Robert Gaudio, Burns, White & Hickton, Wheeling, for Appellants.

David M. Lipman, Miami, FL, and Geraldine M. Guerin, James A. McKowen, James F. Humphreys & Associates, L.C., Charleston, for Appellee.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Putnam County entered on October 26, 2000. In that order, the circuit court granted a motion by the appellee and plaintiff below, Frances E. Lamphere, Administratrix of the Estate of Fred Lamphere,[1] to set aside the verdict of the jury in favor of the appellants and defendants below, the Consolidated Rail Corporation and the Penn Central Corporation (hereinafter "Conrail" or "the railroad"), in this action filed pursuant to the Federal Employers' Liability Act. It was alleged that the railroad failed to provide Mr. Lamphere a safe place to work and as a result, he developed mesothelioma. In this appeal, Conrail contends that the circuit court erred by finding that the verdict was against the clear weight of the evidence and therefore, a new trial was warranted.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order of the circuit court is affirmed.

I.

On February 28, 1998, Fred Lamphere instituted this lawsuit against Conrail[2] alleging that during the course of his employment with the railroad he worked around products containing asbestos which caused him to develop mesothelioma, an asbestos-induced cancer. Trial commenced on September 22, 1998, and lasted almost three weeks.[3]

During the trial, Mr. Lamphere testified by videotape that he was employed by the railroad from approximately 1936 to 1948 as a machinist in the Jackson, Michigan area. Mr. Lamphere stated that he believed that during that time, he worked around others who were using products containing asbestos. Following that employment, Mr. Lamphere began working for the Diamond Chain Company, again as a machinist. He worked for that company for twenty-five years. Several years later, after his employment had ended, Mr. Lamphere was diagnosed with mesothelioma.

The appellants never disputed that Mr. Lamphere was suffering from mesothelioma. Instead, the focus of the trial was on whether the railroad knew or should have known during the period of Mr. Lamphere's employment that the asbestos-containing products he was working around had the potential to put him at risk of developing an asbestos-related disease. In this regard, Mr. Lamphere offered expert testimony and related documents to show that the railroad had such knowledge and therefore, was negligent and liable for his injuries.

Conrail presented contradictory evidence by way of expert testimony. In particular, Conrail offered evidence that due to the medical, scientific, and industrial knowledge during the time of Mr. Lamphere's employment, the railroad did not know, nor did it have any reason to know that the alleged asbestos-

---

1. This case was instituted by Fred Lamphere. However, he died on November 12, 1998, and Frances E. Lamphere, his widow and the administratrix of his estate, was substituted as the plaintiff in this action.

2. Mr. Lamphere actually worked for the New York Central Railroad which later became Conrail.

3. The circuit court consolidated this case with *Hodges v. Norfolk and Western Railway Company*, Civil Action No. 97–C–293, and *McClelland v. Conrail*, Civil Action No. 95–C–370, for trial. *McClelland* was settled on the eve of trial. As in the case at bar, the jury returned a defense verdict in *Hodges*. However, after motions for a new trial were filed by the plaintiffs, the *Hodges* case was settled.

containing products Mr. Lamphere worked around could cause an asbestos-related disease. Conrail further provided evidence that mesothelioma was not a medically recognized aliment until the 1960s, some twenty years after Mr. Lamphere ceased his employment.

On October 8, 1998, the jury returned a verdict in favor of Conrail. Shortly thereafter, the appellee filed a motion for a new trial asserting that the jury's verdict was against the clear weight of the evidence. The circuit court held hearings regarding the motion on March 10, 1999 and September 28, 2000. On October 26, 2000, the trial court entered the final order granting the appellee's motion and setting a new trial date of November 13, 2000.[4] This appeal followed.

## II.

We begin our analysis of this case by setting forth our standard of review. In Syllabus Point 3 of *In re State Pub. Bldg. Asbestos Litig.*, 193 W.Va. 119, 454 S.E.2d 413 (1994), this Court held:

A motion for a new trial is governed by a different standard than a motion for a directed verdict. When a trial judge vacates a jury verdict and awards a new trial pursuant to Rule 59 of the *West Virginia Rules of Civil Procedure*, the trial judge has the authority to weigh the evidence and consider the credibility of the witnesses. If the trial judge finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, the trial judge may set aside the verdict, even if supported by substantial evidence, and grant a new trial. A trial judge's decision to award a new trial is not subject to appellate review unless the trial judge abuses his or her discretion.

This Court has also observed that:

" 'It takes a stronger case in an appellate court to reverse a judgment awarding a new trial than one denying it and giving judgment against the party claiming to have been aggrieved.' Point 1, Syllabus, *The Star Piano Co. v. Brockmeyer*, 78 W.Va. 780 [, 90 S.E. 338 (1916)]." Syl. pt. 2,

*Young v. Duffield*, 152 W.Va. 283, 162 S.E.2d 285 (1968).

Syllabus Point 1, *In re State Pub. Bldg. Asbestos Litig.* Furthermore, we have noted that " '[a]n appellate court is more disposed to affirm the action of a trial court in setting aside a verdict and granting a new trial than when such action results in a final judgment denying a new trial.' Syl. pt. 4, *Young v. Duffield*, 152 W.Va. 283, 162 S.E.2d 285 (1968)." Syllabus Point 2, *In re State Pub. Bldg. Asbestos Litig.* However, we recently stated that

"[a]lthough the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court acted under some misapprehension of the law or the evidence."

*Stillwell v. The City of Wheeling*, 210 W.Va. 599, 604, 558 S.E.2d 598, 603 (2001), *quoting Andrews v. Reynolds Mem'l Hosp., Inc.*, 201 W.Va. 624, 630, 499 S.E.2d 846, 852 (1997) (additional citations omitted).

In this case, Conrail contends that the circuit court failed to consider critical evidence which supported the jury's verdict. We disagree. The circuit court's order indicates that its decision to grant a new trial was based on the briefs submitted by the parties, the argument of counsel, and careful consideration of the evidence presented at trial. In addition, the circuit court's order discusses at length the considerable amount of evidence produced at trial.

For example, the circuit court's order states that "[t]he evidence presented at trial clearly established that Mr. Lamphere had little, if any, exposure to asbestos apart from his work in the backshops of the New York Central." In addition, the circuit court's order indicates that the great weight of the evidence presented at trial showed that the New York Central did not act with reasonable care to provide Mr. Lamphere with a reasonably safe place to work. The circuit court's order also states that the evidence demonstrated that the New York Central

**4.** By order of this Court dated November 30, 2000, the proceedings below were stayed.

either knew, or should have known of the hazards of asbestos and the means of reducing and preventing asbestos disease, prior to and during Mr. Lamphere's employment. In this regard, the circuit court discussed the documentary evidence presented by Mr. Lamphere concerning meetings of the medical and surgical section of the Association of American Railroads.

■ Our review of the transcripts of the trial of this case reveals that Conrail did in fact present substantial evidence disputing Mr. Lamphere's claims. However, contrary to the assertions of Conrail, we do not believe that the circuit court ignored this evidence. In *In re Pub. Bldg. Asbestos Litig.*, this Court noted that "a trial judge, unlike this Court, is in a unique position to evaluate the evidence." 193 W.Va. at 126, 454 S.E.2d at 420. As further explained by Justice Cleckley in his concurring opinion in *In re Pub. Bldg. Asbestos Litig.*,

> Given the trial court's intimate familiarity with the proceedings, the trial court "may weigh evidence and assess credibility in ruling on the motion for a new trial." *Wilhelm v. Blue Bell, Inc.*, 773 F.2d 1429, 1433 (4th Cir.1985), *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986). There are many critical events that take place during a trial that cannot be reduced to record, which may affect the mind of the judge as well as the jury in forming the opinion as to the weight of the evidence and the character and credibility of the witnesses. These considerations can [not] and should not be ignored in determining whether a new trial was properly granted.

193 W.Va. at 132–33, 454 S.E.2d at 426–27. In other words, the trial judge has unique knowledge of what occurred at trial that no other judge can have. Given such unique knowledge and intimate familiarity with the proceedings, it is perfectly proper for the trial judge to use and consider that peculiar and personal knowledge when weighing the evidence and assessing the credibility in ruling on the motion for a new trial.

In light of the express findings of fact made in the final order, it is apparent that the circuit court considered all of the evidence presented at trial in determining that the jury's verdict was against the clear weight of the evidence. Therefore, the circuit court did not abuse its discretion by vacating the jury verdict and awarding a new trial. Accordingly, for the reasons set forth above, the final order of the Circuit Court of Putnam County entered on October 26, 2000 is affirmed.

Affirmed.