591 S.E.2d 269

**Duane ADAMS, et al., Plaintiffs Below, Appellees,**

**v.**

**CONSOLIDATED RAIL CORPORATION, t/d/b/a Conrail, et al., Defendants Below, Appellants.**

**No. 31271.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 8, 2003.

Decided Dec. 4, 2003.

Concurring and Dissenting Opinion of Justice McGraw Dec. 4, 2003.

McGraw, J., concurred in part and dissented in part and filed separate opinion.

Michael G. Gallaway, Esq., Burns, White & Hickton, Wheeling, West Virginia and David A. Damico, Esq., Daniel B. Donahoe, Esq., Kendra Fredericks Smith, Esq., Burns, White & Hickton, Pittsburgh, Pennsylvania, Attorneys for the Appellants.

Carl Frankovitch, Esq., Mark Colantonio, Esq., Frankovitch, Anetakis, Colantonio & Simon, Weirton, West Virginia and Mark T. Coulter, Esq., Peirce, Raimond and Coulter, Pittsburgh, Pennsylvania, Attorneys for the Appellees.

PER CURIAM:

This action concerns damage claims for injuries or death resulting from the alleged exposure of a number of railroad employees to asbestos at the workplace. Now before this Court is the appeal of Consolidated Rail Corporation, *et al.*, defendants below, from the March 27, 2002, order of the Circuit Court of Brooke County denying their mo-

tion for a new trial. The order was entered following a jury verdict returned in favor of former employees, John Robinson, Ronald Shaffer and Walter Knight, appellees and plaintiffs below, in the combined amount of $3,500,000. The focus of this appeal is whether the Circuit Court committed error in excluding from the jury's consideration evidence of the appellee-plaintiffs' histories of cigarette smoking.

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons stated below, this Court is of the opinion that the Circuit Court committed error in excluding the histories of cigarette smoking as to appellees John Robinson and Ronald Shaffer but not as to appellee Walter Knight. Moreover, this Court is of the opinion that the remaining issues raised by appellants Consolidated Rail Corporation, et al., which concern whether the Circuit Court committed error in excluding evidence of the appellee-plaintiffs' alleged safety rule violations and in excluding evidence of the appellants' air monitoring results, are without merit.

Accordingly, the March 27, 2002, order of the Circuit Court of Brooke County denying the motion of appellants Consolidated Rail Corporation, et al., for a new trial is reversed as to appellees John Robinson and Ronald Shaffer and affirmed as to appellee Walter Knight. As a result, this action is remanded to the Circuit Court for further proceedings consistent with this opinion.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

In March 1998, 219 current and former railroad employees filed an action in the Circuit Court of Brooke County against the appellants, Consolidated Rail Corporation; et al., pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq. The defendant-appellants, and their predecessors-in-interest, were common carriers by rail and had employed the plaintiffs at various times. The complaint alleged that the appellants negligently exposed the plaintiffs to asbestos fibers at the workplace, resulting in injuries or death. The asbestos-related diseases for which the plaintiffs sought recovery included asbestosis, lung cancer and malignant mesothelioma.

The defendant-appellants, Consolidated Rail Corporation, et al., filed an answer denying the allegations of the complaint and alleging that the plaintiffs were guilty of contributory or comparative negligence within the meaning of the Federal Employers' Liability Act. 45 U.S.C. § 53

As the result of various amendments to the complaint, approximately 900 plaintiffs ultimately became involved in the litigation. Many of those cases settled, however, and, of the remaining cases selected for trial, only those of appellees Robinson, Shaffer and Knight reached a jury verdict. According to the appellee-plaintiffs, as the result of exposure to asbestos fibers at the workplace, John Robinson contracted asbestosis, Ronald Shaffer developed terminal lung cancer and Walter Knight developed malignant mesothelioma.

Prior to trial, the appellee-plaintiffs filed a motion in limine seeking to exclude from jury consideration any evidence of the appellees' smoking habits. The appellants, Consolidated Rail Corporation, et al., filed a response stating as follows:

Both defendants' and plaintiffs' experts agree that cigarette smoking, obesity and other various lifestyle factors can contribute both to plaintiffs' symptoms and to their alleged injuries. In fact, in the case of Ronald Shaffer, plaintiff's expert, Dr. Laman, concluded in his report that the plaintiff's lung cancer was caused in part by his cigarette smoking [.] * * * In the present cases, each of the plaintiffs testified at his deposition and admitted in his Answers to Interrogatories that he smoked cigarettes for a substantial period of time. Therefore, it is proper in these cases for the defendant[s] to receive a jury instruction of contributive/comparative negligence and apportionment of damages[.]

On September 25, 2000, the Circuit Court entered an order granting the motion in limine, thus, excluding evidence of the appellees' histories of cigarette smoking and refus-

ing the request of appellants Consolidated Rail Corporation, *et al.*, for a contributory or comparative negligence instruction upon the smoking issue. Specifically, the Circuit Court concluded that there was no competent evidence that smoking played any role in connection with the appellee-plaintiffs' conditions. The appellants objected to the ruling of the Circuit Court.

Trial began in October 2000, during which the Circuit Court noted the objection of appellants Consolidated Rail Corporation, *et al.*, to the exclusion of the appellees' histories of smoking. At the conclusion of the trial, the jury returned a $3,500,000 verdict for the appellees. The verdict consisted of $1,250,000 in favor of John Robinson, $1,250,000 in favor of Ronald Shaffer and $1,000,000 in favor of Walter Knight.

On July 6, 2001, appellants Consolidated Rail Corporation, *et al.*, filed a motion for a new trial. The motion alleged, *inter alia,* that the Circuit Court committed error in granting the motion in limine which prevented the appellants from introducing evidence concerning the appellees' smoking histories. Pursuant to the final order of March 27, 2002, the motion was denied.

## II.

## STANDARDS OF REVIEW

■ The authority of a circuit court to rule upon a motion for a new trial is recognized in Rule 59 of the West Virginia Rules of Civil Procedure. *See generally,* 13B M.J. *New Trials* sec. 1, *et seq.* (Michie—2002). However, as stated in syllabus point 4 of *Sanders v. Georgia–Pacific Corp.,* 159 W.Va. 621, 225 S.E.2d 218 (1976):

> Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence.

Syl. pt. 1, *Matheny v. Fairmont General Hospital,* 212 W.Va. 740, 575 S.E.2d 350 (2002); *Lamphere v. Consolidated Rail Corporation,* 210 W.Va. 303, 306, 557 S.E.2d 357, 360 (2001); syl. pt. 1, *Andrews v. Reynolds*

*Memorial Hospital,* 201 W.Va. 624, 499 S.E.2d 846 (1997); syl. pt. 1, *Brooks v. Harris,* 201 W.Va. 184, 495 S.E.2d 555 (1997); syl. pt. 2, *Witt v. Sleeth,* 198 W.Va. 398, 481 S.E.2d 189 (1996).

In *Lamphere, supra,* a railroad worker sought recovery under the Federal Employers' Liability Act for malignant mesothelioma allegedly caused by asbestos exposure. The jury returned a verdict in favor of the railroad. Concluding, however, that the verdict was against the clear weight of the evidence, the trial court granted a new trial. In affirming the trial court's ruling, this Court, in *Lamphere,* noted that an appellate court is more disposed to affirm the action of a trial court in granting a new trial "than when such action results in a final judgment denying a new trial." 210 W.Va. at 306, 557 S.E.2d at 360.

Here, the motion of appellants Consolidated Rail Corporation, *et al.,* for a new trial, which was denied below, was based upon the Circuit Court's pre-trial ruling granting the motion in limine to exclude the evidence of the appellee-plaintiffs' histories of cigarette smoking. As indicated in Rule 103(c) of the West Virginia Rules of Evidence, motions in limine provide a mechanism for preventing inadmissible evidence from being suggested to a jury. As Rule 103(c) states:

> In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury. Where practicable, these matters should be determined upon a pretrial motion in limine.

The utility of a motion in limine in avoiding the inadvertent placement of inadmissible evidence before the jury, and in avoiding interrupting the trial with complex evidentiary objections, was recognized by this Court in *Tennant v. Marion Health Care Foundation,* 194 W.Va. 97, 459 S.E.2d 374 (1995). As also recognized in *Tennant,* however, that utility is somewhat mitigated by the caution necessary to be exercised by a circuit court in making evidentiary rulings outside the con-

text of an ongoing trial. The opinion, in *Tennant,* observes:

> In most cases, judges are hesitant to rule finally on evidentiary questions in advance of trial. The role and importance of the disputed evidence, its fit with the other evidence in the case, and even the precise nature of the evidence may all be affected by ... the context of the trial itself. * * * [J]udges in ongoing proceedings normally have some latitude to revisit their own earlier rulings.

194 W.Va. at 112, 113, 459 S.E.2d at 389, 390.

■ Thus, syllabus point 4 of *Tennant* holds: "Once a trial judge rules on a motion in limine, that ruling becomes the law of the case unless modified by a subsequent ruling of the court. A trial court is vested with the exclusive authority to determine when and to what extent an in limine order is to be modified." Syl. pt. 4, *Honaker v. Mahon,* 210 W.Va. 53, 552 S.E.2d 788 (2001). *See also,* Jeffrey F. Ghent, Annotation, *Modern Status of Rules as to Use of Motion in Limine or Similar Preliminary Motion to Secure Exclusion of Prejudicial Evidence or Reference to Prejudicial Matters,* 63 A.L.R.3d 311 (1975).

■ Consistent with the trial court's authority with regard to motions in limine is the long recognized principle expressed in syllabus point 4 of *State v. Rodoussakis,* 204 W.Va. 58, 511 S.E.2d 469 (1998), that "[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl. pt. 2, *Stewart v. Johnson,* 209 W.Va. 476, 549 S.E.2d 670 (2001); syl. pt. 2, *McCloud v. Salt Rock Water Public Service District,* 207 W.Va. 453, 533 S.E.2d 679 (2000); *Lively v. Rufus,* 207 W.Va. 436, 447, 533 S.E.2d 662, 673 (2000). *See also,* Franklin D. Cleckley, *Handbook on Evidence for West Virginia Lawyers,* 2nd ed., sec. 1.8(B) (Michie—1986).

### III.

### DISCUSSION

As stated above, the focus of this appeal is whether the Circuit Court of Brooke County committed error in excluding from the jury's consideration evidence of the appellee-plaintiffs' histories of cigarette smoking. The Circuit Court, in granting the motion in limine, concluded that there was no competent evidence that smoking played any role in connection with the plaintiffs' conditions. As a result of the ruling, the request of appellants Consolidated Rail Corporation, *et al.,* for an instruction concerning the plaintiffs' alleged contributory or comparative negligence due to smoking was refused.

In seeking a new trial, appellants Consolidated Rail Corporation, *et al.,* contend that the Circuit Court abused its discretion because: (1) the smoking habits of railroad employees can be raised as contributory or comparative negligence under the Federal Employers' Liability Act and (2) the record in this action warranted an instruction on such negligence.

With regard to the appellants' first assertion, the section of the Federal Employers' Liability Act in question, 45 U.S.C. § 53, provides:

> In all actions on and after April 22, 1908, brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, *but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee*[.] (emphasis added)

Thus, while contributory negligence in the context of section 53 does not bar a railroad employees' recovery of damages under the Federal Employers' Liability Act, that section provides for an apportionment of negligence, as between the employee and the railroad, for purposes of determining the damages for which the railroad is ultimately responsible. As recently indicated by the Supreme Court of the United States in *Norfolk & Western Railway Company v. Ayers,* 538 U.S. 135, 123 S.Ct. 1210, 155 L.Ed.2d 261 (2003), the apportionment of negligence allowable under section 53 is to be distinguished from the question of apportionment

as between the railroad and other, third-party tortfeasors, which, according to *Ayers*, is disallowed under the Act.

In *Ayers*, railroad employees, seeking recovery of damages caused by exposure to asbestos, filed an action in the Circuit Court of Kanawha County, West Virginia, against the railroad pursuant to the Federal Employers' Liability Act. The employees prevailed before the jury, and the appeal by the railroad was refused by this Court. The Supreme Court of the United States granted certiorari and upheld the verdict. In so ruling, the Supreme Court concluded, in part, that apportionment, as between the railroad and other, third-party tortfeasors, such as prior or subsequent employers or asbestos manufacturers or suppliers, is disallowed under the Act. As stated in the *Ayers* opinion, litigation under the Federal Employers' Liability Act would become vastly complicated if other employers, manufacturers or suppliers were brought into the apportionment pool. 538 U.S. at 164–65, 123 S.Ct. at 1227–28, 155 L.Ed.2d at 286. In the absence of such apportionment, the railroad would retain the remedy of contribution. The Supreme Court, in *Ayers*, explained: "[T]he Act expressly directs apportionment of responsibility between employer and employee based on comparative fault.  * * *  The statute expressly prescribes no other apportionment." 538 U.S. at 161, 123 S.Ct. at 1225, 155 L.Ed.2d at 284.

It should be noted that, although there was no issue before the Supreme Court in *Ayers* concerning cigarette smoking, the *Ayers* opinion included the following in describing the background of the case: "After reduction for three claimants' comparative negligence from smoking and for settlements with non-FELA entities, the final judgments amounted to approximately $4.9 million." 538 U.S. at 144, 123 S.Ct. at 1216, 155 L.Ed.2d at 273. In the footnote immediately prior to that comment, the Supreme Court in *Ayers*, citing section 53 of the Federal Employers' Liability Act, stated: "As required by the FELA, the trial court directed the jury to determine whether negligence by any of the asbestos claimants contributed to their injuries [.]" 538 U.S. at 144 n. 6, 123 S.Ct. at 1216 n. 6, 155 L.Ed.2d at 273 n. 6.

In *Jones v. CSX Transportation*, 287 F.3d 1341 (11th Cir.—2002), two employees brought an action under the Federal Employers' Liability Act for injuries allegedly caused by exposure to asbestos. The evidence at trial, however, indicated that the employees' smoking histories could have caused or contributed to their respiratory problems. The jury found the employer 5% negligent and each of the employees 95% negligent. The employees' motion for a new trial challenging the comparative negligence finding was denied by the District Court. The Court of Appeals, in *Jones*, affirmed. The opinion of the Court of Appeals, in *Jones*, however, was largely devoted to the issue of whether the District Court committed error in rejecting the employees' damage claims concerning fear of cancer. Significantly, however, following the decision of the Supreme Court of the United States in *Ayers*, the Court of Appeals revisited its opinion in *Jones*. See, *Jones v. CSX Transportation*, 337 F.3d 1316 (11th Cir.—2003). In its 2003 revised opinion, the Court of Appeals reversed its decision concerning the fear of cancer issue but adopted and reinstated its decision with regard to the finding of comparative negligence. *See also, Zarow–Smith v. New Jersey Transit Rail Operations*, 953 F.Supp. 581 (D.New Jersey—1997), holding that an employee's smoking can constitute contributory negligence, thus, permitting apportionment of damages under section 53 of the Federal Employers' Liability Act.

■ Accordingly, appellants Consolidated Rail Corporation, *et al.*, are correct in their assertion that the smoking habits of railroad employees can be raised as contributory or comparative negligence under the Federal Employers' Liability Act. Apportionment based upon such negligence is contemplated in the language of section 53 of the Act which states that "the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee."

■ Moreover, appellants Consolidated Rail Corporation, *et al.*, are correct in their assertion that the record in this action warranted an instruction to the jury on contributory or comparative negligence with regard to the appellee-plaintiffs' histories of cigarette smoking. Stated another way, with the

exception of Walter Knight who developed malignant mesothelioma, the Circuit Court committed error in concluding that there was no competent evidence that smoking played any role in connection with the appellee-plaintiffs' conditions.

First, it should be clarified that the issue of cigarette smoking was raised by appellants Consolidated Rail Corporation, *et al.*, throughout the proceedings below. In addition to raising that issue in the response to the appellee-plaintiffs' motion in limine and in the appellants' motion for a new trial, appellants Consolidated Rail Corporation, *et al.*, refer to the plaintiffs' smoking or use of tobacco products: (1) in their brief in opposition to the plaintiffs' motion to implement a case management plan, (2) in their answers to plaintiffs' first set of asbestos discovery requests, (3) in their pre-trial conference memorandum submitted to the Circuit Court and (4) during trial, when the appellants sought confirmation of the Circuit Court's ruling excluding the evidence of smoking.

Second, this Court is of the opinion that the record contains competent evidence sufficiently connecting the smoking histories of appellee-plaintiffs John Robinson and Ronald Shaffer to their conditions to have withstood the motion in limine. As stated above, John Robinson contracted asbestosis, and Ronald Shaffer developed terminal lung cancer. Both men were long-term cigarette smokers. In a letter dated July 17, 1999, included in the record herein, Dr. David Laman, a pulmonary physician, stated as follows:

> The records indicate that [Ronald Shaffer] smoked cigarettes and had exposure to respirable asbestos materials. As such, asbestos exposure played a substantial contributing role in the development of his lung cancer and in his death. Asbestos is a known carcinogen which, even in the absence of radiographic evidence of asbestosis, is associated casually with the development of lung cancer. Asbestos exposure and cigarette smoking act synergistically to markedly increase the risk of the development of lung cancer. Such is the case in Mr. Shaffer.

In addition, another physician, Dr. Michael W. Blatt, testified during his deposition that cigarette smoking can harm the body's ability to expel inhaled asbestos fibers.

This Court concludes, therefore, that the record was sufficient to warrant allowing appellants Consolidated Rail Corporation, *et al.*, to introduce evidence during the trial of John Robinson's and Ronald Shaffer's histories of cigarette smoking. The Circuit Court committed error in granting the motion in limine as to those appellee-plaintiffs. The Circuit Court's ruling, for example, placed Dr. Laman in the awkward position at trial of testifying that asbestos exposure contributed to Ronald Shaffer's lung cancer without being able to also mention that Mr. Shaffer's long-term cigarette smoking contributed to that condition.

■ Appellee-plaintiff Walter Knight, however, contracted malignant mesothelioma, and the record does not support as strong a connection between that condition and his history of cigarette smoking. According to the appellee-plaintiffs, smoking is irrelevant to the processes of mesothelioma. That assertion finds support in the opinion of the Supreme Court of the United States in *Ayers, supra,* which states: "While smoking contributes significantly to the risk of lung cancer, it does not bear on the risk of mesothelioma. * * * Asbestos is the only cause of mesothelioma established thus far, although some instances of the disease are not traceable to asbestos." *Ayers,* 538 U.S. at 142 n. 4 in part, 123 S.Ct. at 1215 n. 4 in part, 155 L.Ed.2d at 272 n. 4 in part. In that regard, this Court is of the opinion that the Circuit Court did not abuse its discretion in granting the motion in limine as to appellee Walter Knight.

Finally, appellants Consolidated Rail Corporation, *et al.*, contend that the Circuit Court committed error in excluding evidence of the appellee-plaintiffs' alleged safety rule violations and in excluding the air monitoring results collected by the appellant employers.

■ The alleged safety rule violations included, for example, the failure to wear protective respirators and the failure to report unsafe working conditions to supervisors. However, as determined by the Circuit Court, although Consolidated Rail Corporation, *et al.*, had a number of written safety rules in place during the period in question, none of those rules specifically pertained to the presence of asbestos upon the appellants'

premises. A review of the record indicates that the Circuit Court was correct in that assessment and did not commit error in excluding the evidence.

■ Moreover, although appellants Consolidated Rail Corporation, *et al.,* assert that the air monitoring results they obtained were exculpatory and should have been admitted to show their concern in maintaining a safe working environment, a review of the Circuit Court's ruling indicates that, rather than excluding the evidence *per se,* the evidence was not to be admitted until a proper foundation therefor was established by the appellants. As the Circuit Court stated: "[Consolidated Rail Corporation, *et al.,*] is barred from attempting to compare the results of air sampling to current or prior existing standards unless such samples were taken in accordance with established practices underlying the standards in question." A review of the record does not reveal that a proper foundation for the admission of that evidence was ever established. Therefore, the Circuit Court acted correctly in excluding the air monitoring results.

Thus, the issues raised by appellants Consolidated Rail Corporation, *et al.,* concerning whether the Circuit Court committed error in excluding evidence of the appellee-plaintiffs' alleged safety rule violations and in excluding evidence of the appellants' air monitoring results, are without merit.

## IV.

## CONCLUSION

Upon all of the above, the March 27, 2002, order of the Circuit Court of Brooke County denying the motion of the appellants Consolidated Rail Corporation, *et al.,* for a new trial is reversed as to appellees John Robinson and Ronald Shaffer and affirmed as to appellee Walter Knight. All other issues raised by the appellants are without merit. Accordingly, this action is remanded to the Circuit Court for further proceedings consistent with this opinion.

Affirmed, in part, reversed, in part, and remanded.

Justice McGRAW concurs, in part, and dissents, in part, and reserve the right to file a separate opinion.

McGRAW, Justice, concurring, in part, and dissenting, in part:

(Filed Dec. 4, 2003)

I fully agree with the holding of this Court that, inasmuch as appellee-plaintiff Walter Knight contracted malignant mesothelioma, the Circuit Court acted within its discretion in excluding his history of cigarette smoking from jury consideration. As noted in *Ayers,* cigarette smoking does not bear upon the risk of mesothelioma. In any event, any arguable connection between smoking and mesothelioma is, based upon current knowledge, extremely tangential.

I dissent, however, from the holding with regard to appellee-plaintiffs John Robinson and Ronald Shaffer. That holding paves the way for the admission of their smoking histories and suggests that, based upon such evidence, a jury is free to conclude that Robinson and Shaffer were guilty of contributory or comparative negligence. In my view, additional matters must be considered before Robinson and Shaffer may be said to be guilty of such negligence.

The record indicates that both John Robinson and Ronald Shaffer were elderly gentlemen with histories of long-term cigarette smoking. Moreover, the approximately 900 railroad employees who were initially involved in this litigation, no doubt, included varying groups, both in terms of age and in degree of cigarette smoking. Consequently, any determination of whether those individuals were guilty of contributory or comparative negligence within the meaning of the Federal Employers' Liability Act calls into play the fact that it was not until 1966 that Congress mandated the warning on cigarette packages that "Cigarette Smoking May be Hazardous to Your Health." Later, in 1969, the warning label was strengthened by requiring a statement that cigarette smoking "is dangerous," rather than that it "may be hazardous." *Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). In fact, it was not until this century that the public began to hear the phrase "There is No Safe Cigarette."

Accordingly, I am of the opinion that many of the older plaintiffs in this action, as consumers of a habit-forming tobacco product

sold prior to the existence of uniform, mandatory health warnings, could not have been guilty of contributory or comparative negligence within the meaning of the Federal Employers' Liability Act. The Act is remedial in nature, and such negligence thereunder would be more attributable to the tobacco companies.

The majority opinion unfairly blurs the distinctions among the railroad employees and the tobacco companies in terms of their awareness of the dangers of cigarette smoking and the effect of that awareness in the context of negligence under the Federal Employers' Liability Act. I therefore dissent from the holding of this Court as to appellee-plaintiffs John Robinson and Ronald Shaffer because the majority opinion does not account for the status of those individuals as unknowing consumers of a dangerous product. How can such individuals be guilty of contributory or comparative negligence while being repeatedly told in the marketplace that "There's Not a Cough in a Carload"?