IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2015 Term

No. 13-1116

**FILED**

**June 10, 2015**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

AARON BROWNING,
Plaintiff Below, Petitioner

V.

DAVID HICKMAN,
Defendant Below, Respondent

Appeal from the Circuit Court of Logan County
Honorable Roger L. Perry, Judge
Civil Action No. 12-C-47

AFFIRMED

Submitted: April 21, 2015
Filed: June 10, 2015

John-Mark Atkinson, Esq.
Atkinson & Polak, PLLC
Charleston, West Virginia
Harry M. Hatfield, Esq.
Hatfield & Hatfield, PLLC
Madison, West Virginia
W. Douglas Witten, Esq.
Avis, Witten & Wandling, L.C.
Logan, West Virginia
Attorneys for the Petitioner

Benjamin M. Mishoe, Esq.
Shaffer & Shaffer, PLLC
Madison, West Virginia
Attorney for the Respondent

JUSTICE LOUGHRY delivered the Opinion of the Court.
JUSTICE KETCHUM concurs and reserves the right to file a concurring opinion.
JUSTICES DAVIS and BENJAMIN dissent and reserve the right to file dissenting opinions.

SYLLABUS BY THE COURT

1. "'Whether a motion for a mistrial should be sustained or overruled is a matter which rests within the trial court's discretion and the action of the trial court in ruling on such a motion will not be cause for reversal on appeal unless it clearly appears that such discretion has been abused.' Syllabus Point 4, *Moore, Kelly & Reddish, Inc. v. Shannondale, Inc.*, 152 W.Va. 549, 165 S.E.2d 113 (1968)." Syl. Pt. 9, *Bd. of Educ. v. Zando*, *Martin & Milstead, Inc.*, 182 W.Va. 597, 390 S.E.2d 796 (1990).

2. "A trial court has considerable discretion as to matters involving the length of a recess or temporary adjournment of a trial." Syl. Pt. 8, *State v. Richey*, 171 W.Va. 342, 298 S.E.2d 879 (1982).

3. "'[T]he ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, [and] the trial court's ruling will be reversed on appeal [only] when it is clear that the trial court has acted under some misapprehension of the law or the evidence.' Syl. pt. 4, in part, *Sanders v. Georgia-Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976)." Syl. Pt. 2, *Estep v. Mike Ferrell Ford Lincoln-Mercury, Inc.*, 223 W.Va. 209, 672 S.E.2d 345 (2008).

i

4.  "A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard."  Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998).

5.  "The admissibility of testimony by an expert witness is a matter within the sound discretion of the trial court, and the trial court's decision will not be reversed unless it is clearly wrong."  Syl. Pt. 6, *Helmick v. Potomac Edison Co.*, 185 W.Va. 269, 406 S.E.2d 700 (1991).

6.  "'Once a trial judge rules on a motion in limine, that ruling becomes the law of the case unless modified by a subsequent ruling of the court.  A trial court is vested with the exclusive authority to determine when and to what extent an in limine order is to be modified.'  Syl. pt. 4, *Tennant v. Marion Health Care Foundation*, 194 W.Va. 97, 459 S.E.2d 374 (1995)."  Syl. Pt. 2, *Adams v. Consolidated Rail Corp.*, 214 W.Va. 711, 591 S.E.2d 269 (2003).

7.  "It is within a trial court's discretion to admit an out-of-court statement under Rule 803(1), the present sense impression exception, of the West Virginia Rules of Evidence if: (1) The statement was made at the time or shortly after an event; (2) the statement describes the event; and (3) the event giving rise to the statement was within a

ii

declarant's personal knowledge." Syl. Pt. 4, *State v. Phillips*, 194 W.Va. 569, 461 S.E.2d 75 (1995), *overruled on other grounds by State v. Sutherland*, 231 W.Va. 410, 745 S.E.2d 448 (2013).

LOUGHRY, Justice:

Aaron Browning, the plaintiff below and the petitioner herein, appeals from the September 16, 2013, order of the Circuit Court of Logan County denying his motion for a new trial following an adverse jury verdict in his civil action for damages arising from an automobile accident. He asserts that the circuit court made various evidentiary errors at trial. David Hickman, the defendant below and the respondent herein, contends that there was no error. After a careful review of the parties' briefs, the arguments of counsel, the pertinent authorities, and the appendix record, we affirm.

## I. Factual and Procedural Background

Shortly before 6:15 a.m. on October 24, 2011, the parties in this litigation were involved in an automobile accident at an intersection in Logan, West Virginia. Mr. Hickman (hereinafter "the defendant") was traveling straight through the intersection. Mr. Browning (hereinafter "the plaintiff"), who had been traveling in the opposite direction, was making a left turn across the defendant's lane of traffic. The front passenger side of the defendant's car struck the rear passenger side of the plaintiff's pickup truck, causing the plaintiff's truck to spin around. Each driver claimed to have had the right-of-way at the time of the collision. The plaintiff filed suit against the defendant alleging negligence and seeking recovery for his personal injuries and the loss of his truck.

1

The matter was tried before a jury on March 18 and 19, 2013. The plaintiff testified he had a green turn arrow light allowing him to make the left turn. He also contended at trial that the defendant was speeding,[1] had failed to maintain a proper lookout, and had failed to yield the right-of-way to the plaintiff's car which was already in the intersection. Although the plaintiff acknowledged that he saw the defendant's approaching vehicle, he explained that he nonetheless pulled across the defendant's lane of traffic because of the green arrow and because the defendant was far away from the intersection.

Conversely, the defendant testified he had a green light to proceed straight through the intersection. He explained that when he was about ten feet away from the point in the intersection where the collision would occur, the plaintiff pulled out in front of him. The defendant testified that he immediately applied his brakes and swerved his car to the left, but was unsuccessful in avoiding the accident. He estimated that he was driving forty miles per hour, which was under the speed limit.

Immediately after the collision, a female who identified herself as "Toni" called the Logan 911 Emergency Center and reported the accident. The caller told the 911 operator that "it was the red truck, [it] pulled out in front of the vehicle." It is undisputed that

---

[1]Contested factual issues at trial included whether the defendant was speeding and whether he was late for work.

2

the "red truck" was driven by the plaintiff, while the defendant drove a sedan referred to as "the vehicle." After the audio recording of the 911 call was authenticated by an official from the 911 Center, and over the plaintiff's objection, the defendant was permitted to play the recording for the jury. As discussed in section III-A of this opinion, due to the admission of the 911 call, the plaintiff moved for a mistrial or, in the alternative, a mid-trial recess so he could endeavor to locate the 911 caller. The circuit court denied the plaintiff's motion.

City of Logan Police Officer Jacob Miller was dispatched to the accident. At trial, he testified about his investigation, the accident scene, and the responsibilities each driver had upon approaching the intersection. Notably, the officer did not know which driver had the green light or arrow at the time of the collision.

In the Uniform Crash Investigation Report (hereinafter "accident report"), Officer Miller concluded that the defendant had failed to yield the right-of-way. However, during his pre-trial deposition, the officer admitted that he did not know which driver had the green light and it was just as likely that the plaintiff had failed to yield. Because of this change, the circuit court granted a motion in limine, preventing the plaintiff from telling the jury of the officer's conclusion in the accident report.

At the end of the trial, the jury returned a verdict in favor of the defendant, finding that he was not negligent and had not proximately caused the accident. Thereafter, the plaintiff filed a motion for a new trial pursuant to Rule 59 of the West Virginia Rules of Civil Procedure. The circuit court denied this motion by order entered on September 16, 2013.

The plaintiff asserts two assignments of error on appeal. First, he contends the circuit court erroneously denied his motion for a mistrial or recess upon the admission of the 911 call. Second, he asserts the court erroneously denied his motion for a new trial both because of the admission of the 911 call and the exclusion of Officer Miller's opinion on fault in the accident report.

## II. Standard of Review

All of the plaintiff's contentions on appeal are subject to an abuse of discretion standard of review. With regard to motions for mistrial, we have held that

> "[w]hether a motion for a mistrial should be sustained or overruled is a matter which rests within the trial court's discretion and the action of the trial court in ruling on such a motion will not be cause for reversal on appeal unless it clearly appears that such discretion has been abused." Syllabus Point 4, *Moore, Kelly & Reddish, Inc. v. Shannondale, Inc.*, 152 W.Va. 549, 165 S.E.2d 113 (1968).

4

Syl. Pt. 9, *Bd. of Educ. v. Zando, Martin & Milstead, Inc.*, 182 W.Va. 597, 390 S.E.2d 796 (1990). Regarding mid-trial recesses, this Court articulated that "[a] trial court has considerable discretion as to matters involving the length of a recess or temporary adjournment of a trial." Syl. Pt. 8, *State v. Richey*, 171 W.Va. 342, 298 S.E.2d 879 (1982). Similarly, when a party appeals an order denying a motion for new trial,

> "the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, [and] the trial court's ruling will be reversed on appeal [only] when it is clear that the trial court has acted under some misapprehension of the law or the evidence." Syl. pt. 4, in part, *Sanders v. Georgia-Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976).

Syl. Pt. 2, *Estep v. Mike Ferrell Ford Lincoln-Mercury, Inc.*, 223 W.Va. 209, 672 S.E.2d 345 (2008).

The motions for mistrial and new trial both concerned the circuit court's rulings on the admissibility of evidence. As we explained in syllabus point four of *State v. Rodoussakis*, "[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." 204 W.Va. 58, 511 S.E.2d 469 (1998). Likewise, "[t]he admissibility of testimony by an expert witness is a matter within the sound discretion of the trial court, and the trial court's decision will not be reversed unless it is clearly wrong." Syl. Pt. 6, *Helmick v. Potomac Edison Co.*, 185 W.Va. 269, 406 S.E.2d 700 (1991).

With this in mind, we proceed to consider the parties' arguments.

## III.  Discussion

### A.  The 911 Call

Additional background information is necessary to understand the arguments surrounding the 911 call.  During the call, the caller only identified herself as "Toni" and stated that she was "not from around here."  During pre-trial discovery, the Logan 911 Center provided the parties with a recording of the call and various data summaries, but none of this information included the caller's last name, telephone number, or contact information. Before trial, neither party had located "Toni."

Both parties filed motions in limine regarding the admissibility of the 911 call. The defendant argued that the call was relevant and satisfied various exceptions to the rule against hearsay.[2]  *See* W.Va. R. Evid. 401, 801-803.  The plaintiff asserted the 911 call was hearsay and not relevant.  *See* W.Va. R. Evid. 401-403, 801.  He noted that the 911 caller had merely said that the "truck, [it] pulled out in front of the vehicle[,]" without stating who had the green light or the right-of-way.  In his written motion in limine, the plaintiff admitted that he had "cut in front of the defendant [but] *the issue is whether the plaintiff had the 'green arrow' on the traffic control light* and was thus entitled to the right of way."  (emphasis

---

[2]The application of the Rules of Evidence is discussed *infra*.

6

added.) He then restated this assertion, arguing that "the issue is not whether or not plaintiff Browning pulled in front of defendant Hickman–he did, but rather whether or not plaintiff Browning, by virtue of the green arrow light, had the lawful right of way." The plaintiff also argued that there was no way to determine whether the caller saw the collision as it occurred. *See* W.Va. R. Evid. 601-602.

During a pre-trial conference held via telephone on March 11, 2013,[3] in addition to both counsel arguing their respective motions in limine, the defense counsel advised the court that he had just obtained the number of the cellular telephone used to place the 911 call.[4] The defendant's counsel indicated that his investigator was attempting to find the caller, and he requested a witness subpoena for trial in the event the caller was located. The plaintiff objected to allowing the caller to testify at trial without first having the opportunity to depose her. The circuit court established a deadline of "Thursday at noon" to locate the caller and set a deposition; otherwise, the court ruled that the 911 call would be excluded from evidence at trial. Thereafter, no deposition was scheduled.

---

[3]There was no record made of the March 11, 2013, telephonic pre-trial hearing. The information about what happened at this hearing has been derived from the discussions on the record at trial and during the post-trial motions hearing, and from the circuit court's order denying the plaintiff's motion for a new trial.

[4]According to the defendant's lawyer, while he was preparing for trial he spoke with an official from the 911 Center and learned that the center had recently acquired technology making such information retrievable.

At the beginning of the trial, the circuit court revisited its ruling on the 911 call. The court began by making a record of its pre-trial ruling to exclude this evidence. Consistent with the plaintiff's representations in his motion in limine, the court stated that the plaintiff's act of pulling across the intersection in front of the defendant's car was not a contested issue. Moreover, the court ruled that the 911 caller's statement was not relevant to the contested issue of which driver had the green light, and admission of the call could be to "some degree" prejudicial.

The parties then presented additional arguments about the admissibility of the 911 call. The plaintiff's counsel stated that the green light would *not* be the only issue at trial. There was discussion that other potential theories of liability could include a failure to maintain a proper lookout and to yield to a vehicle already in the intersection, and that these issues would not be dependent upon who had the green light. The defense counsel asserted that if the plaintiff should offer evidence regarding how close the defendant was to the intersection or how fast the defendant was traveling at the time of the accident, then the 911 call would be probative on the issue of whether the plaintiff had sufficient time to make a left turn before the defendant's vehicle reached the intersection. Although the plaintiff's counsel indicated he intended to elicit testimony in these areas, he added that this would not open the door for the admission of the 911 call. After hearing these additional arguments, the judge said, "[l]et's see how things go" at trial.

8

In his case-in-chief, the plaintiff presented evidence regarding the defendant's speed and location when each driver first observed the other vehicle. He also elicited testimony from Officer Miller that if the plaintiff was already in the intersection crossing the defendant's lane of traffic, then the defendant should have yielded to the plaintiff to avoid a hazard. Thereafter, the defendant moved the court to reconsider its in limine ruling and allow the 911 call into evidence. This motion to reconsider was made after the plaintiff called his last witness, but before the plaintiff rested.

Upon reconsideration, the circuit court decided to admit the 911 call, explaining that the plaintiff's case-in-chief turned out to be broader than what the court had understood it would be from the representations in the plaintiff's motion in limine. Instead of just one theory of liability–that the plaintiff had the right-of-way because he had a green arrow light–the plaintiff asserted the additional theories that the defendant should have kept a better lookout, yielded to a car already in the intersection, and refrained from speeding. The court ruled that these three additional theories of liability revolved around the parties' respective proximity to the intersection at the time of the accident regardless of who had the green light, and the 911 call would be minimally probative on the issue of proximity. In addition, the circuit court ruled that the 911 call satisfied the present sense impression exception to the prohibition against hearsay. *See* W.Va. R. Evid. 803(1).

9

Turning to the arguments on appeal, the plaintiff contends the circuit court erred by changing its ruling mid-trial regarding the admissibility of the 911 call. He also asserts the 911 call was not admissible under the West Virginia Rules of Evidence. As set forth herein, our review of this matter finds no abuse of discretion on either assertion.

### 1. Reconsideration of Pre-Trial Ruling and Denial of Request for Recess

A circuit court is vested with the authority to modify its own in limine rulings:

> "Once a trial judge rules on a motion in limine, that ruling becomes the law of the case unless modified by a subsequent ruling of the court. A trial court is vested with the exclusive authority to determine when and to what extent an in limine order is to be modified." Syl. pt. 4, *Tennant v. Marion Health Care Foundation*, 194 W.Va. 97, 459 S.E.2d 374 (1995).

Syl. Pt. 2, *Adams v. Consolidated Rail Corp.*, 214 W.Va. 711, 591 S.E.2d 269 (2003). "[J]udges in ongoing proceedings normally have some latitude to revise their own earlier rulings." *Tennant*, 194 W.Va. at 113, 459 S.E.2d at 390. Moreover, as the United States Supreme Court has recognized, a pre-trial "ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in [a party's] proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

10

In the case sub judice, the circuit court explained that the evidence and theories presented by the plaintiff at trial went beyond what the court had previously anticipated based upon the plaintiff's pre-trial representations. Accordingly, the circuit court acted within its discretion when it changed its pre-trial ruling on this basis. Sometimes, "[t]he role and importance of the disputed evidence, its fit with the other evidence in the case, and even the precise nature of the evidence may all be affected by, or at least clearly understood within, the context of the trial itself." *Tennant*, 194 W.Va. at 112, 459 S.E.2d at 389.

The plaintiff asserts that he was surprised by this ruling, but the record reflects that he was placed on notice at the beginning of trial that the defendant might seek reconsideration of the in limine ruling if certain evidence was offered. Upon hearing the additional arguments at the beginning of trial, the trial court left the issue open by saying, "[l]et's see how things go[.]" Because the plaintiff chose to present the additional evidence and theories of liability, he opened the door for the court to reconsider its pre-trial ruling and admit the 911 call into evidence.[5]

---

[5]Any claim of surprise can be directly attributed to the parties' attempt to "try" this case *before* the trial by virtue of filing motions in limine. The 2014 Comment to Rule 103 of the West Virginia Rules of Evidence discourages motions in limine on the admissibility of evidence "until the trial court has been given adequate context, and the evidence is sufficient to permit the trial court to make an informed ruling." Although this comment was adopted after this case went to trial, it is nonetheless instructive. Once the circuit court heard the evidence and theories of liability at trial, it was able to put the 911 call into its proper context and determine that the call was admissible.

11

The plaintiff also argues that in reliance on the pre-trial ruling, he "forewent the opportunity to subpoena any witnesses who were present at the accident scene to refute or explain the statement made by the 911 caller, and he did not question the investigating officer about the mysterious caller." However, he fails to identify these other witnesses or describe the nature of their anticipated testimony. Indeed, no such persons were listed in the plaintiff's written witness disclosure. Certainly, if there were known eyewitnesses to the accident, they would have been called to testify at trial regardless of whether the 911 call was excluded. The emergency responders and Officer Miller arrived *after* the collision and thus would not have firsthand knowledge of who had the green light or whether either party was driving in an unsafe manner. Moreover, when the trial court reconsidered its prior ruling, the plaintiff had not yet rested his case. Thus, he could have sought the opportunity to call additional witnesses or recall Officer Miller, but he did neither.

The plaintiff's request for a mid-trial recess was for the sole purpose of securing time to search for the 911 caller. There was nothing, however, to prevent the plaintiff from searching for the caller before trial. Furthermore, the plaintiff was forewarned at the beginning of trial that his additional theories of liability could make the 911 call admissible. It is well-settled that "[a] trial court has considerable discretion as to matters involving the length of a recess or temporary adjournment of a trial." Syl. Pt. 8, *State v. Richey*, 171 W.Va. 342, 298 S.E.2d 879 (1982). Likewise, we have said that "[o]rdering a

12

recess or temporary adjournment is within the sound discretion of the trial court." *Dupuy v. Allara*, 193 W.Va. 557, 564, 457 S.E.2d 494, 501 (1995) *overruled on other grounds by Pleasants v. Alliance Corp.*, 209 W.Va. 39, 543 S.E.2d 320 (2000). We find no abuse of discretion in the circuit court's decision to deny the plaintiff's request for a mid-trial recess.

### 2. Admissibility of the 911 Call

The plaintiff contends that the 911 call should have been excluded pursuant to various provisions of the West Virginia Rules of Evidence. He argues that the 911 call was irrelevant, unfairly prejudicial, hearsay, and/or was made by a person lacking personal knowledge. We disagree.

First, the caller's statement–the "red truck, [it] pulled out in front of the vehicle"–is minimally probative to a determination of the proximity of the vehicles to one another and to the intersection. Because the plaintiff chose to offer a theory of liability that the plaintiff was *already* in the intersection and thus the defendant should have yielded *regardless* of who had the green light, the circuit court correctly ruled that this evidence was relevant and admissible under Rules 401 and 402 of the Rules of Evidence. *See* W.Va. R. Evid. 401 (providing that evidence is relevant if it tends to make fact more or less probable); W.Va. R. Evid. 402 (declaring that relevant evidence is admissible).

13

Second, the admissibility of this evidence was not substantially outweighed by the danger of unfair prejudice, thus the circuit court was not required to exclude it under Rule 403 of the Rules of Evidence. *See* W.Va. R. Evid. 403 (providing that relevant evidence may be excluded if its probative value is substantially outweighed by danger of unfair prejudice). In fact, the 911 call is fairly innocuous. The caller merely said that the truck pulled out in front of the car, and it is undisputed that the plaintiff did pull his pickup truck in front of the defendant's car. Importantly, the 911 caller did *not* say who had the green light, who had the right-of-way, or whether either driver was speeding or driving in an otherwise unsafe manner. The plaintiff's counsel was permitted to highlight these limitations in the 911 evidence for the jury, including during his cross-examination of the 911 official who authenticated the audio recording. Although the circuit court was previously concerned that the call might be to "some degree" prejudicial, that was based upon the court's pre-trial understanding of the plaintiff's theory of liability.[6]

Third, the circuit court did not abuse its discretion when finding that the 911 caller's statement was admissible under Rule of Evidence 803(1), the present sense impression exception to hearsay. This exception provided that "[t]he following [is] not

[6]The plaintiff asserts that the 911 call was particularly prejudicial because it constituted the defendant's entire case. However, the defendant had already testified at length as an adverse witness during the plaintiff's case-in-chief. Although the defense did not call any additional witnesses, neither party has identified any other witnesses to the collision.

14

excluded by the hearsay rule, even though the declarant is available as a witness: (1) Present sense impression.–A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." W.Va. R. Evid. 803(1).[7] The test for application of this exception is as follows:

> It is within a trial court's discretion to admit an out-of-court statement under Rule 803(1), the present sense impression exception, of the West Virginia Rules of Evidence if: (1) The statement was made at the time or shortly after an event; (2) the statement describes the event; and (3) the event giving rise to the statement was within a declarant's personal knowledge.

Syl. Pt. 4, *State v. Phillips*, 194 W.Va. 569, 461 S.E.2d 75 (1995), *overruled on other grounds by State v. Sutherland*, 231 W.Va. 410, 745 S.E.2d 448 (2013). Clearly, the 911 call was placed shortly after the accident. The call was made for the purpose of obtaining emergency responders to the accident scene, and the caller and the 911 operator discussed whether there were injuries. Furthermore, the statement about which the plaintiff complains–"the red truck, [it] pulled out in front of the vehicle"–is descriptive of the event.

The plaintiff focuses on the third part of the *Phillips* test, arguing there is no evidence the 911 caller had personal knowledge of the accident. He suggests the caller might not have personally observed the collision and could have happened upon the scene post-

---

[7]This opinion quotes the version of Rule 803(1) that was in effect when this matter went to trial in 2013. Stylistic changes were made to the rule in 2014, but the substance remains the same.

accident. Having reviewed the transcript of the 911 call in the appendix record, we find that the circuit court did not abuse its discretion when rejecting this argument. The caller's description of the scene, the drivers' physical conditions, and the collision itself, all indicate that she had personal knowledge of the information she relayed to the 911 operator. Indeed, the plaintiff's truck was spun around and resting in a different direction in the roadway from that in which it had been traveling, yet the caller was able to correctly recount that the truck had pulled in front of the car. As we have previously recognized, "if the statement is sufficiently descriptive, it may itself demonstrate the declarant's knowledge." *Phillips*, 194 W.Va. at 578, 461 S.E.2d at 84.

Finally, the plaintiff asserts that if the 911 caller did not personally see the accident, then she would lack personal knowledge sufficient to allow her to testify about it–whether in person or via the audio recording of her telephone call. Rule 602 of the Rules of Evidence provided that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."[8] We reject this argument for the same reason we rejected the plaintiff's hearsay argument; the contents of the 911 call sufficiently establish that the caller had personal knowledge of the information she conveyed to the emergency operator.

---

[8]This quote is of the version of Rule 602 in effect when the case went to trial.

Based on all of the above, we find that the circuit court did not abuse its discretion in admitting the audio recording of the 911 call into evidence.

### B. Opinion in the Accident Report

Next, the plaintiff argues that the circuit court erroneously excluded the responding police officer's opinion on fault that was stated in the accident report. Upon a careful review of this issue, we find no abuse of discretion.

Following the accident, Officer Miller completed the accident report in which he wrote that the *defendant* had failed to yield the right-of-way. The defendant moved in limine to redact this portion of the report and to prelude the officer from offering this particular opinion at trial. The defendant relied upon the officer's deposition testimony, during which he admitted he was not present when the accident occurred, he had no knowledge as to which party had the green light, and it was just as possible that it was the *plaintiff* who had failed to yield the right-of-way.[9] Officer Miller also conceded during his deposition that he was not an expert in accident reconstruction. During trial, the officer

_____

[9]The plaintiff has failed to include this deposition transcript in the record on appeal, but he has not disputed these representations of the officer's testimony. Further, the circuit court quoted some relevant portions of the deposition transcript in its order denying the plaintiff's motion for a new trial.

17

confirmed that he did not know who "had the light" and he did not know "the series of lights or the turn of events that happened[.]"

The trial court heard arguments on the defendant's motion in limine on the morning of the first day of trial.  After a brief recess, the court granted the motion, ruling that Officer Miller could "testify to his investigation, not the opinion."  The court explained, "[y]ou can't put together an opinion from nothing and whatever opinion [Officer Miller] expressed [in the accident report][,] he took it back in his deposition.  He basically denied it and took it back. . . .  But even if he has some degree of expert[ise], he has to have something and I don't think there is anything there."

In the written order denying the plaintiff's motion for a new trial, the court said that "[i]n light of his clarification in his deposition," the officer's assessment of fault in the accident report was unreliable, erroneous, prejudicial, and not probative.  The court acknowledged Officer Miller's admissions that he had not personally witnessed the accident and was not an expert on accident reconstruction.  However, the court concluded that "even assuming *arguendo* that [now-]Deputy Miller would qualify as an expert witness, he still should not have been permitted to offer an opinion on who was at fault because such an opinion would have been speculation, unreliable, and more prejudicial than probative."

18

Although Officer Miller is not an expert in accident reconstruction, the plaintiff argues that Officer Miller was nonetheless qualified to render an expert opinion on who was at fault for this accident. West Virginia Rule of Evidence 702[10] and *Gentry v. Mangum*, 195 W.Va. 512, 466 S.E.2d 171 (1995),[11] allow a witness to be qualified as an expert on the basis of training and experience. The plaintiff argues that by virtue of Officer Miller's training and experience,[12] he was sufficiently qualified to render an opinion in the area of automobile accident *investigations*. Thus, the plaintiff argues that the opinion on fault stated in the accident report should have been admitted into evidence as an expert opinion.

---

[10]When this matter went to trial in 2013, Rule of Evidence 702 provided that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

[11] *Gentry v. Mangum* provides as follows:

> In determining who is an expert, a circuit court should conduct a two-step inquiry. First, a circuit court must determine whether the proposed expert (a) meets the minimal educational or experiential qualifications (b) in a field that is relevant to the subject under investigation (c) which will assist the trier of fact. Second, a circuit court must determine that the expert's area of expertise covers the particular opinion as to which the expert seeks to testify.

Syl. Pt. 5, *Gentry v. Mangum*, 195 W.Va. 512, 466 S.E.2d 171 (1995).

[12]At the time of this accident, Officer Miller had completed four months of training at the State Police Academy, which included a component on vehicle accident investigations, and he was a certified law enforcement officer. He had worked as a police officer for six months and his duties included responding to automobile accidents.

We are wholly unpersuaded by the plaintiff's argument. Moreover, he misconstrues the trial court's ultimate reason for excluding the evidence. Although there was discussion about the officer's qualifications to serve as an expert, the court nonetheless assumed that the officer had "some degree of expert[ise][.]" Despite this assumption, the court ruled that the opinion had to be excluded because the officer *withdrew* it during his deposition. As the court explained, Officer Miller "basically denied it and took it back[.]" Because the officer admitted that it was just as likely that the plaintiff had failed to yield, the officer no longer had an opinion to render on the issue of fault. Accordingly, even accepting the plaintiff's contention that Officer Miller was qualified to render an expert opinion in the area of automobile accident investigations, the fact remains that he retracted his opinion before trial.

Even when a witness is qualified as an expert, the admissibility of his or her testimony is generally within the sound discretion of the trial court. Syl. Pt. 6, *Helmick v. Potomac Edison Co.*, 185 W.Va. 269, 406 S.E.2d 700 (1991); *State v. McKinley*, 234 W.Va. 143, __, 764 S.E.2d 303, 322 (2014). The circuit court determined that Officer Miller's retracted opinion would be unfairly prejudicial and not probative. *See* W.Va. R. Evid. 401-403. The court did not need to study the formerly-held opinion or its underlying methodology to determine its irrelevance and prejudice. The officer himself, by his admissions in the deposition, indicated its unreliable and speculative nature. As such, the

withdrawn opinion would not have assisted the jury in understanding the evidence or determining a fact in issue. *See* W.Va. R. Evid. 702. Under the unique circumstances of this case, we find no abuse of discretion in the circuit court's ruling.[13]

## IV. Conclusion

For the foregoing reasons, we conclude that the circuit court did not abuse its discretion in denying the plaintiff's motion for a mistrial or recess of trial, and in denying the plaintiff's motion for a new trial. Accordingly, we affirm.

**Affirmed.**

---

[13]Notably, Officer Miller testified extensively at trial about the accident and his investigation. He also explained the parties' duties under various scenarios, depending on who had the green light and whether the plaintiff's vehicle was already in the intersection when the defendant approached.